The opinion of the Court was delivered by
Duncan, J.
It will be the exercise of great liberality to consider the plea of fraud, merely as notice of special matter, under the plea of payment, and not intended as a distinct plea ; for it was so to be taken, there being no issue joined; *534 there would have been a mistrial; but admitting it to be special matter, the questions are, Could the Court regard the interest of the widow ? If they could, did the evidence destroy the mortgage in to to, or partially, so far as respects the widow’s right to dower at common law ?
Dower, at the common law, must be distinguished from the accretions to it under our intestate acts, occasioned by the death of the husband intestate, without children, or without heirs, or known kindred. In the first case, the widow is entitled to a moiety during life; in the latter, she takes the whole escheated estate; but in both the husband must die seised and intestate. He may dispose of all without the concurrence of the wife, by deed or by will, subject to the widow’s dower at common law. By the marriage, the widow has an initiate right to the third part of all the lands and tenements the husband was seised of at any time during the coverture.' At the common law, the husband can, by no act of his own, strip her of this right; it is not liable for his debts ; he cannot, by a mortgage, charge them on it. This initiate title of the wife, can be barred only by her levying a fine, or suffering a recovery. In Pennsylvania, where lands are considered as chattels for payment of debts, the husband’s lands may be levied on and sold, and the wife lose her dower. So here, a mortgage given by the husband will bind the dower right; all the interest may be levied on, and sold on a levari facias, without regard to the wife’s right of dower; but a mere voluntary mortgage, (much less a fraudulent one, made for the purpose of defeating the inchoate right of the wife,) cannot bind her, for this would be in fraud of the law, and in fraud of the right accrued directly on the marriage; initiate on the moment of marriage, consummate on the death of the husband ; a right much respected in law; highly favoured, next to liberty and life.
The evidence in this case,’if believed by the jury, established that this mortgage was not given for any debt of the husband, but for the sole purpose of defeating his wife’s dower right. A Court of chancery would grant relief; would enjoin the mortgagee from proceeding to a judgment and sale of the whole mortgaged premises, but would suffer Him to sell subject to the widow’s right of dower. Lest there should be a failure of justice, from necessity, which is the foundation of *535 the exercise of most of the chancery powers in our Courts, this equitable interposition must be assumed, and the husband prevented from depriving the wife of rights conferred on her by the matrimonial contract, and marriage endowment, at his pleasure, by a fictitious mortgage ; for a judicial sale on a mortgage would endanger her right, the proceeding being in rem; a condemnation and decree for the sale of the whole, for a debt of the husband, ascertained by a verdict and judgment; such a sale would vest in a fair purchase the whole interest.
I would not hesitate to adopt a course on the scire facias, which would let the widow in to defend pro interesse sua, and submit to the jury, whether the debt was a real debt of the husband, and, so far as it was a real debt, to find a verdict for that sum, and the judgment would be modified by the Court, so as to give to the mortgagee a lien on the whole interest as to the real debt, and for the whole amount subject to the widow’s thirds; and to submit to them, tyhether the mortgage was not fraudulently given, without any consideration, and for, the purpose of defeating the wife, with instructions, that if they found it was, then to find a verdict for the plaintiff, subject'to the widow’s dower. For if the mortgage was a voluntary one, gratuitously given to the mortgagee, without any imposition on the mortgagor, it would bind him and his representatives, though it would not bind the dower right or the rights of creditors. If it was fraudulently given to defeat the dower right, it would be fraudulent and void as to that right and the right of creditors ; but the mortgagor could not set up the fraud ; fraud is irrevocable by him who commits it, and those who claim as his heirs and representatives. The deed would be void as to the person intended to be defrauded, but good against the grantor and all claiming under him. Reichart v. Castator, 5 Binn. 109. This mortgage, though fraudulent on the rights of the widow, would be valid as between the mortgagor and his representatives and the mortgagee ; but the mortgage would not be fraudulent as to any other claim of the widow than her right to one-third, her matrimonial endowment, for the contingent increase under the intestate acts, was at his perfect disposition ; and so far as he disposed of his estate, the contingency never happened on which those rights depended. A man can never be said to commit a fraud on the contingent rights of others *536 where it depends on his own act whether they shall ever ex» ist. The rights of this woman, other than her common law dower, he could defeat in the same manner he could the succession of his heirs.
In answer to the points made on the trial by the plaintiff in error, the Court seem to have confined their objection to the recovery on the mortgage, to the widow’s rights; but in the general charge, they expressed themselves in such terms as might lead the jury to believe that if, as respected the widow, they found the transaction fraudulent, the whole contract and mortgage were wholly vitiated and rendered void; for so the jury found.
Now that must have been founded on the principle that the fraud on the wife’s right rendered the mortgage void, as to all the¡ world, or upon the principle, that the wife, had it not been for this mortgage, on his death without heirs or known kindred, would have enjoyed the whole, and, therefore, as to the whole, this mortgage must be put out of her way. In either case, the mortgage would not be void in toto. The charge of the Court might have led the jury into this error; and in considering the whole, the answers of the Court to the questions put, and the charge, it rather appears that the opinion of the Court was, that the mortgage had no binding effect, and conveyed no interest to the mortgagee.
Judgment reversed, and a venire facias de novo awarded.