# Buehler *against* Gloninger.

The statute of 13 *Eliz.* makes void a deed only as against creditors, but not against the party himself, his executors or administrators. If the action be against administrators, for goods in the possession of their intestate at the time of his death, which the plaintiff alleges belong to him, it is competent for the defendants to show that the intestate was insolvent at the time of his death, and that they defend for creditors. The statute then will bar the plaintiff's recovery.

ERROR to *Dauphin* county, common pleas.

Replevin by Peter Gloninger against Maria Buehler, William N. Irvine and Peter Keller. George Buehler purchased the goods for which the replevin was brought, and gave his notes for them, with Peter Gloninger, the plaintiff, and George Oves as his securities. The property, at the time of its purchase, was transferred by bill of sale to Gloninger and Oves as their security, but went into the possession of George Buehler, who agreed that Gloninger alone should hold that bill of sale, as a security also for a debt due to him. George Buehler died in the possession of the property, without having paid the debt due to Gloninger, and this replevin was brought against the defendants, who were his administrators, for the goods mentioned in the bill of sale. The defendants, after having shown that they were administrators, had given bond and filed an inventory of the goods of their intestate, offered to prove that George Buehler was insolvent, and that the value of these goods was necessary for the payment of his debts. This evidence was objected to by the plaintiff, and rejected ; the court being of opinion that the statute 13 *Eliz.* was not applicable so as to bar the plaintiff's recovery, and this was the assignment of error.

*H. Alrichs* and *M'Clure*, for plaintiffs in error, cited, Clow *v.* Woods, 5 *Serg. & Rawle* 276 ; Welch *v.* Beckey, 1 *Penns. Rep.* 57; Stockton *v.* Wilson, 3 *Penns. Rep.* 94; *Rob. Dig.* 258; 5 *Co. Rep.* 33; *Dyer* 105 ; 2 *Jac. Law Dic.* 507 ; 1 *Jac. Law Dic.* 341.

*Foster* and *Weidman*, for defendants in error, cited, Osborne *v.* Moss, 7 *Johns. Rep.* 163 ; Warner *v.* Aughinbaugh, 15 *Serg. & Rawle* 1 ; M'Farland *v.* Barker, 1 *Mass. Rep.* 153 ; Killinger *v.* Reidenhaur, 6 *Serg. &. Rawle* 531 ; Hartley *v.* M'Anuety, 4 *Yeates* 95 ; Smith *v.* Gibson and another, 1 *Yeates* 291 ; Reichart *v.* Castators, 5 *Binn.* 109.

The opinion of the Court was delivered by

[Buehler v. Gloninger.]

Rogers, J.—The attention of the court has been particularly directed to two errors on which the plaintiff in error mainly relies. First, the exclusion of evidence of the insolvency of Buehler the intestate; and secondly, that part of the charge which declares that the transfer of the property to the plaintiff and Oves, and to the plaintiff himself, was good against the defendants; and that they can make no defence that Buehler himself might not have made. The points depend upon the same principle, and may be considered together. There is no doubt that the statute of 13 *Eliz.* only makes void a deed as against creditors, but not against the party himself, his executors or administrators; as against them it remains a good deed. 5 *Binn.* 109; 6 *Serg. & Rawle* 531; 1 *Yeates* 291; 4 *Yeates* 95; and in Osborne *v.* Moss, 7 *Johns. Rep.* 161, it is decided, that when a person makes a fraudulent conveyance of his goods to another for the purpose of defeating his creditors, and dies intestate, the conveyance, though void as against creditors, is good against the intestate; and an action may be maintained against the administrator for the goods. The law is the same although the administrator may be a creditor of the fraudulent intestate. Horner *v.* Leader, *Cro. Jac.* 270; *Yelv.* 196, which is cited and relied on in Osborne *v.* Moss, is to the same point. In Horner *v.* Leader, the intestate made a grant of his goods to B. to cheat his creditors, and he kept possession of the goods and died. B. then sued the administrator for the goods, and he pleaded this covin and fraud, and the statute of *Elizabeth*, which declares all such gifts and grants void as against creditors. The plaintiff replied that the defendant, the administrator, had assets in his hands to satisfy the debts demanded, and that the deed of gift was made upon good consideration, &c. It is true that the replication was withdrawn, but yet in neither of the cases cited did it appear that there was not sufficient assets to pay the debts. There being no averment that the estate was insolvent, the presumption was, that the administrators had assets in their hands sufficient to pay the debts; and if so, these decisions are in strict accordance with the general principle, about which there is no dispute. Inasmuch as we are to take it, that the estate of Buehler is insolvent, this is substantially a contest between the fraudulent grantee and the creditors of the fraudulent grantor, and as such, comes within the prohibition of the statute of 13 *Elizabeth.* The administrator is the trustee of the creditors, and in that capacity he is bound to protect their interest. The personal representatives, in fact, have no interest in the controversy, as the case supposes that the assets are insufficient to pay the debts of the intestate.

Judgment reversed, and a *venire de novo* awarded.