EDWIN ELLIS *v.* WILLIAM C. McBRIDE et al.

A., as a distributee of B., an intestate, cannot impeach conveyances of his (B.'s) property made by him in his lifetime, for the purpose of defrauding his creditors.

The statute declares that such conveyances shall be taken only as against the persons who are creditors to be utterly void.

But as between the parties and their representatives, such conveyances are valid.

If a bond executed by an administrator be insufficient to cover the amount of property administered on, it is proper for the probate court to require him to execute a sufficient bond.

ON appeal from the probate court of Holmes county; Hon. Alva Wilson, judge of the probate court of Holmes county.

The opinion of the court contains the facts of the case.

*Dyer* and *Hooker* for appellant.

The deeds of gift are good and valid against the donor, his heirs and assigns, and all others claiming under him, except creditors. This is not a suit between a creditor and the heirs of the estate; but it is an action by distributees, or portions of them, against the administrator of the estate. Even admitting that the deeds were executed for fraudulent purposes, these facts are not proven except by witnesses whose testimony is questioned as to its validity.

The deeds are clearly valid and binding against the donor and those claiming under him. *Faxon* v. *Durant*, 9 Met. 339; *Martrick* v. *Sinfield*, 21 Pick. 325; *McCutchen* v. *McCutchen*, 9

Porter, 650; 2 Bibb, 416; 3 Lit. 14; 4 Monr. 122; 1 Johns. Ch. 240; 4 Mass. R. 354; Robt. on Frauds, 646–650; 1 Mad. Ch. 279, 280.

No counsel for appellees.

Mr. Justice HANDY delivered the opinion of the court.

The appellees, as distributees of the estate of Joseph Ellis, deceased, filed their petition in the probate court of Holmes county against the appellant, as administrator of that estate, alleging that the appellant has failed to render an inventory of a considerable amount of property belonging to the estate, and that the penalty of the bond which he executed as administrator is altogether insufficient to cover the property subject to be administered; and praying that he be required to execute a new bond in an amount sufficient to secure the rights of the parties interested, and to return an inventory of the property belonging to the estate.

The answer states that the inventory previously returned was just and true, and that the intestate had no other property, to the knowledge of the respondent, except what is mentioned therein; and that the slaves, referred to in the petition, and alleged to be the property of the intestate, were given by deed to his children before his death.

The testimony tends to show that the deeds of gift from the intestate were executed with intent to hinder and defraud the creditors of the intestate; and they are impeached on that ground. One of those deeds is to his son the appellant, who is proved to have been in possession of the property for many years, claiming it as his own, and that it was considered in the neighborhood as his property.

The probate court granted the prayer of the petition, and thereupon this appeal was taken.

The only point necessary to be noticed in the case is, whether the appellees, as distributees of the intestate, can impeach conveyances of his property, made by him for the purpose of defrauding his creditors; and this is too clear to admit of controversy. The express provision of the statute is, that such

conveyances shall be "taken only as against the persons" who are creditors "to be utterly void;" and it is accordingly well settled, that such a conveyance is valid between the parties and their representatives. *Hawes* v. *Leader*, Cro. Jac. 270; 4 Mass. R. 354; 4 Rand. 368; 6 Serg. & Rawle, 531.

The judgment is reversed, so far as the property alleged to have been fraudulently conveyed is sought to be brought into the estate for distribution. If there be other property subject to administration, and the bond executed by the administrator be insufficient to cover the amount, it is proper for the court to require him to execute a sufficient bond, and to inventory such property; otherwise the petition should be dismissed.

The case is remanded, to be proceeded with accordingly.