## Williams's Administratrix *versus* Williams.

It is not error, to reject evidence of what was sworn to by a party on a former occasion, unless the offer set forth the evidence proposed to be given, and show that it is material to the issue.

In a suit upon a mortgage, against the administratrix of the mortgagor, the latter will not be permitted to set up as a defence, that the mortgage was given with the fraudulent intent of covering the property from creditors, in case of embarrassment of either of the parties to it.

The mortgaged premises having been sold by the administratrix of the mortgagor, under an order of the Orphans' Court, for payment of debts, and purchased by the mortgagee, the creditors of the mortgagor will be at liberty to resist the application of the proceeds of sale to the payment of the mortgage, if fraudulent as to them, notwithstanding the recovery of judgment on the *scire facias* upon the mortgage.

A party cannot complain of the insufficiency of an answer to an immaterial point, or to one not properly raised by the evidence.

ERROR to the Common Pleas of *Crawford county.*

This was an action of *scire facias* upon a mortgage by Eliphalet Williams, the mortgagor, against Mary D. Gorten, administratrix of Orson Williams, and Lorenzo Williams, the mortgagees. The mortgage was dated the 26th September 1837, and purported to secure the payment of the sum of $3000 with interest.

On the 7th November 1857, Mary D. Gorten, the administratrix of Orson Williams, one of the mortgagors, sold his interest in the mortgaged premises, under an order of the Orphans' Court, for payment of debts; Eliphalet Williams became the purchaser for $1200, and claimed the right to pay his bid, by applying the same in part payment of the mortgage debt. The court appointed an auditor to report distribution; but proceedings were suspended, until this action of *scire facias* should have been determined.

On the trial, the defence offered to be proved was, that the mortgage was without consideration, and was taken by the plaintiff from his two sons, soon after their attaining the age of twenty-one years, with the understanding that it should not be collected unless they failed in business.

The plaintiff having closed his evidence, the defendant offered to prove " what E. Williams, the plaintiff, testified to on the trial of a suit between O. & L. Williams and M. Hickman, to show that in 1838 he owned no property; to be followed by proof that the land, late in possession of Orson Williams, and covered by the mortgage in controversy, has been sold on proceedings in the Orphans' Court, at the instance of creditors, and purchased by the plaintiff in this issue for the sum of $1200, and that he claims to apply the amount of his bid to the said mortgage, in preference to the creditors of Orson Williams; and for the purpose of showing fraud in setting up the mortgage, and that the estate of Orson

[Williams's Administratrix *v.* Williams.]

Williams is insolvent: also offer the bond of E. Williams, plaintiff in this case, for the benefit of insolvent laws, dated 18th September 1838."

To this offer the plaintiff objected; and the court ruled out the evidence, and sealed a bill of exceptions.

The defendant's counsel then requested the court to charge the jury as follows :—

1. That if the jury find from the evidence, that the plaintiff induced his sons to execute the mortgage in this case, on the representation or assurance, that the mortgage should not be collected, unless they failed in business; and at the time, they were young men just commencing in business, and had no knowledge of any fraudulent purpose on the part of the father in procuring the mortgage, plaintiff cannot recover.

2. That if the mortgage in this case was executed as a security for the payment of the debts of the mortgagee, the plaintiff is not entitled to recover, without showing that there are debts due by him still unpaid by the sons.

The court below (GALBRAITH, P. J.) charged the jury as follows : " The law might be as stated in the defendant's points, if the proper parties were before us, asking to protect them from fraud upon them—that is, creditors intended to be defrauded—but as between the parties in this suit, the principles stated in the defendant's points do not apply, and therefore they are decided in the negative. The principle is decided in the case of *Reichart v.* Castator, 5 *Binn.* 109, and in numerous cases since."

To this instruction the defendants excepted; and a verdict and judgment having been rendered for the plaintiff for $5948, the administratrix of Orson Williams sued out this writ, and here assigned for error : 1. The rejection of the evidence offered on the trial. 2. The charge of the court below to the jury.

*Farrelly* and *Douglass*, for the plaintiff in error, cited Gilbert *v.* Hoffman, 2 *Watts* 66 ; McClurg *v.* Lecky, 3 *Penn. R.* 94 ; McKennan *v.* Pry, 6 *Watts* 137 ; Hoffman *v.* Strohecker, 7 *Id.* 86 ; Smull *v.* Jones, 1 *W. & S.* 138 ; Foulk *v.* McFarlane, *Id.* 299 ; Martin *v.* Gernandt, 7 *Harris* 124 ; Miller *v.* Henderson, 10 *S. & R.* 290 ; Hartzell *v.* Reiss, 1 *Binn.* 289 ; Rearich *v.* Swinehart, 1 *Jones* 233.

*Church* and *Richmond*, for the defendants in error, cited Snowden *v.* Warder, 3 *Rawle* 104 ; Stine *v.* Sherk, 1 *W. & S.* 195 ; Rearich *v.* Swinehart, 1 *Jones* 238 ;. 5 *Binn.* 113 ; Drum *v.* Painter, 3 *Casey* 148 ; Evans *v.* Dravo, 12 *Harris* 62 ; Hendrickson *v.* Evans, 1 *Casey* 444 ; Rearick's Executors *v.* Rearick, 3 *Harris* 66, 72.

[Williams's Administratrix *v.* Williams.]

The opinion of the court was delivered by

THOMPSON, J.—It has not been made apparent to us, that there was any error committed, in the rejection of the evidence, which constitutes the first assignment, so far as the proceedings in the Orphans' Court of Crawford county were concerned. If there was error in the rejection of them, it was cured afterwards by their reception. The only other evidence which the bill of exceptions presents, as being rejected, was the insolvent bond of the plaintiff. Of itself, it would have proved nothing material or relevant to the case, and it was not offered in connection with anything that might have rendered it relevant. We see no error in its rejection. The remaining portion of the offer, as it appears in the bill of exceptions, was not an exhibit of testimony proposed to be given. It was an offer to prove something which the plaintiff had, on a former occasion, sworn in a suit between O. L. Williams and Hickman, without a statement of the testimony offered; the object of which was to show, that he owned no property in 1858. We cannot take the word of the party that the testimony would have proved the fact, or tended to do so. The evidence proposed to be given should have been, in substance, at least, set forth, so that the court might have been enabled to judge whether it would, in any respect, meet the object intended or not: 3 *Rawle* 104; 1 *W. & S.* 195; 1 *Jones* 238. This was not done, and the court rejected it, and we see no error in this.

The answer of the court to the defendant's points is the next thing to be considered. The first was intended to raise the question of a fraudulent arrangement between the plaintiff and the defendant's intestate. The learned judge of the court below was of opinion, that the administratrix could not set up such a defence. And we think he was clearly right in this. If the transaction were covinous, and the intent was to cover the property from creditors, in case of embarrassment of either party to it, neither one nor the other could set up the fraud, as between themselves, to defeat the other of any claim under it. The mortgage would be good, as between them; it would be void, only as against the interests intended to be defrauded: 1 *Casey* 444; 3 *Id.* 148; 12 *Harris* 62; 5 *Binn.* 113.

But it was insisted here, that the administratrix was entitled to make the defence proposed, for the benefit of creditors. We cannot regard her, in this case, in any other light than as the personal representative of the decedent, and entitled only to make such defence as he himself might have done, if living. In this case, the suit was brought in the lifetime of the intestate, and the administratrix afterwards substituted on the record. While this does not change the principles governing her position, it may illustrate their accuracy. The place for creditors to test the validity of the mortgage, or the judgment recovered on it, will be in the Orphans' Court, on the distribution

of the proceeds of the sale. They will not be concluded by the judgment. If there was fraud in the mortgage affecting them, they will be at liberty to show it. If otherwise, and all is right, about which we have no opinion, then the plaintiff, if entitled to priority as a creditor, may receive the benefit of his application in the appropriation of the purchase-money to his lien.

There was not evidence, considering the form of the mortgage, to raise the question proposed in defendant's second point, and the court were right in so treating it. A party cannot complain of insufficiency in an answer to an immaterial point, or to one not properly raised by the evidence. No injury could occur under such circumstances.

Judgment affirmed.