## Abrahams, Adrx. *v.* Wilson, Mayor et al., Appellants.

Argued October 13, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Samuel Feldman,* with him *Abraham Wernick,* Assistant City Solicitors, and *Joseph Sharfsin,* City Solicitor, for appellants.

*Jacob Weinstein,* with him *Ellis Rudman,* for appellee.

OPINION BY BALDRIGE, J., January 31, 1939:

Maud O. Abrahams, administratrix of the estate of Woodward Abrahams, deceased, filed a bill in equity against the Pension Board of the city of Philadelphia to obtain an accounting and payment of the total contributions made by the plaintiff's decedent to the pension fund of the city of Philadelphia.

The bill alleged that the deceased for more than twenty years had worked for the city of Philadelphia and that for eighteen years prior to his death on July 12, 1937, he was in the employ of the Bureau of Weights and Measures, a department under the control of the Board of County Commissioners of Philadelphia; that he had made contributions, in sums unknown to the plaintiff, to a fund created by appropriation by the city and deduction from the pay of city employees, and that upon his death, by virtue of section 1 of the Act of July 5, 1917, P. L. 689 (53 PS §3513), there became due and payable to the estate the sums deducted from his salary and paid into this fund. Upon application of the city

of Philadelphia, it was permitted to intervene as a party defendant.

The defendants in their answers averred that amounts, totalling $825.50, were regularly deducted from Abraham's salary, which were retained by the Pension Board of the city of Philadelphia. In the new matter set up by defendants, it was alleged that Abrahams had collected, between January 1, 1937, and July 9, 1937, license fees from vendors of solid fuel under an ordinance of council, approved December 19, 1934, and that there was a shortage in his accounts at the time of his death in the sum of $3,088, which is a proper set-off to any monies alleged to be due plaintiff.

The case came on to be heard before Judge HEILIG-MAN, who filed an adjudication, wherein he found that the deceased had misappropriated to his own use the sum of $3,088. He held that the pension board was an administrative agency of the city of Philadelphia, charged with the duty of collecting and distributing the pension fund, and that contributions made thereto by employees, together with the appropriation made by the city council, amounting to $4,480,000, constituted a single fund impressed with a trust to carry out the specific purposes for which the fund was created; and that the defalcations of the decedent cannot be deducted from the amount he contributed. Accordingly, an order was made, directing the pension board to pay over to plaintiff the sum of $825.50. Exceptions to this decree were dismissed, and thereupon separate appeals were taken by the pension board and the city of Philadelphia, which were heard together and will be disposed of in this opinion.

The appellants' first position is that Abrahams could not have recovered in this action until he had made full reparation of the sum embezzled and that his administratrix does not stand on higher ground (*Williams' Admrx. v. Williams*, 34 Pa. 312), invoking the maxim that "He that hath committed iniquity shall

not have equity": *Reynolds v. Boland,* 202 Pa. 642, 647, 52 A. 19.

In *Chester County Trust Co. v. Pugh,* 241 Pa. 124, 127, 88 A. 319, the court, after discussing *Williams v. Williams,* supra, stated: "While an administrator, as the mere personal representative of a decedent, can take no steps to set aside a fraudulent act for the benefit of heirs, next of kin, legatees or devisees, his right to do so for the benefit of creditors, for whom he is trustee, has long been recognized in this State."

This record does not disclose whether or not there are creditors of the estate of the decedent; no reference whatever is made to that subject. If there are creditors, and we cannot assume otherwise, the administratrix can institute an action to protect them. The jurisdiction to determine the status of creditors and their rights to participate in the distribution of the deceased's estate rests exclusively in the orphans' court (*Strouse v. Lawrence, Admrx.,* 160 Pa. 421, 28 A. 930) as would plaintiff's claim for her widow's exemption under section 12 (a) of the Act of June 7, 1917, P. L. 447 (20 PS §471): *Weil v. Marquis,* 256 Pa. 608, 101 A. 70; *Hildebrand's Est.,* 262 Pa. 112, 104 A. 866; *Provident Trust Co. v. Rothman et al.,* 321 Pa. 177, 183 A. 793. Those are matters for consideration when and if an account is filed.

The foregoing discussion may not be very pertinent as plaintiff does not rely upon her right to recover by virtue of the Intestate Law, but rests her claim under a statutory right given by section 5 of the Act of May 20, 1915, P. L. 566, as amended by section 3 of the Act of July 5, 1917, P. L. 689 (53 PS §3515), which provides: "In the event of the death of any employe before the said employe becomes entitled to the pension aforesaid, the said total amount of contributions aforesaid shall be paid over to the estate of said deceased employe." It is thus apparent that unless some valid

reason is advanced, plaintiff is entitled to the amount awarded her.

That brings us to the second proposition raised by the appellants, viz., that as the decedent was indebted to the city of Philadelphia in the amount he embezzled while in its employ, plaintiff cannot recover any amount from the fund in question; in other words, that there is the right in the defendants to an equitable set-off.

It is conceded that in certain circumstances a set-off, which is an affirmative defense *(Security T. & T. Co. et al. v. Welsh & Brown,* 104 Pa. Superior Ct. 502, 159 A. 227), may be established in suits brought by executors or administrators: *Fifth Mutual Bldg. Society of Manayunk's Appeal,* 317 Pa. 161, 176, 176 A. 494. But the Defalcation Act of January 12, 1705, 1 Sm. Laws 49, does not entitle a defendant to set up a counterclaim if there is a lack of the essential element of mutuality, nor will a set-off be allowed upon equitable principles if no special equity is to be subserved, and this is especially true if a superior equity of a third party will be injured: *Westinghouse E. & Mfg. Co. v. Wilson,* 63 Pa. Superior Ct. 294, 302; *Com. to use v. Crow et al.,* 294 Pa. 286, 291, 144 A. 135.

It clearly appears that the money the plaintiff is seeking to recover is no part of the fuel license fees misappropriated by the decedent. No attempt was made to trace them into the hands of the pension board. "While a liberal construction is given to the Act of 1705 allowing set-off and defalcation of a debt of a proper character, yet, as a general rule, the debt must be due in the same right. It is inadmissible when the plaintiff's cause of action is for a breach of contract to fulfill an official, or a fiduciary obligation. Although the debt may be between the same parties, yet it is not due in the same right within the true meaning of the statute. Hence the treasurer of a corporation, when sued for money in his hands as treasurer, cannot set off a debt due him from the corporation: *Russell v. Church,* 15 P. F. [65 Pa.]

Smith 9. So in an action by a collector of school taxes, for taxes assessed on the defendant, the latter cannot set off a debt due him from the board of school directors: *McCracken v. Elder*, 10 Casey [34 Pa.] 239": *Tagg, to use v. Bowman*, 99 Pa. 376, 379. "It is also well established, however, that one who has received money in trust to dispose of it in a defined way cannot, in a suit by his principal to recover the fund, set off a debt due to himself in a matter not arising out of or connected with the trust relation": *Valley Butter Co. v. Minn. Coop. C. Assn.*, 300 Pa. 102, 104, 150 A. 157; *Kelter, Tr. v. American Bankers Finance Co.*, 306 Pa. 483, 494, 160 A. 127.

The status of the appellant city is merely that of a general creditor. On the other hand, the right of the plaintiff is given under statutory provisions. Whenever the right of a party is established by law, equity has not power to change that right. In all such instances, the maxim "equitas sequitur legem" is strictly applicable: *Scott et al. v. Waynesburg Brewing Co.*, 256 Pa. 158, 162, 100 A. 591. And this maxim applies to a set-off: *Rossi Bros. v. Commissioner of Banks (Mass.)*, 186 N. E. 234.

Furthermore, there is section 12 of the Act of 1915, supra (53 PS §3522), which reads as follows: "The compensation or pension herein mentioned shall not be subject to attachment or execution, and shall be payable only to the beneficiary designated in this act, and shall not be subject to assignment or transfer." It is very obvious that it was the legislative intent that payments made by certain employees to this fund should be beyond the reach of creditors and that payment therefrom should be made only to those designated by the statute, which, by section 5 of the Act of 1915, supra (53 PS §3515), is to the estate of the deceased employee. This statute, like those relating to the rights of beneficiaries in insurance policies, should be liberally construed.

Compare *Irving Bank v. Alexander et al.*, 280 Pa. 466, 124 A. 634.

As the plaintiff's right is established by statute, the alleged equitable set-off cannot be enforced.

The last position taken by the city is that it claims title to the funds contributed to the pension board as public funds and until a sum is actually appropriated to the plaintiff beneficiary, no vested right resides in her.

The view adopted by the learned chancellor in support of his decree is that this fund is the corpus of a trust for the sole purpose of providing retirement pay to the employees or their estates, and, as trustee, the city cannot set off its own claim against the claim of one entitled to a sum for contributions made by the intestate to the board.

Mr. Justice KEPHART, in the case of *Retirement Board v. McGovern et al.*, 316 Pa. 161, 174 A. 400, exhaustively discussed the nature of so-called pension funds held by state and municipal authorities, wherein he said (p. 170) : "Where an allowance is made out of hand, gratuitously, and purely for past services, by the government, it is a pension, with all the attributes of a pension; but where the employee contributes a part of his salary or wages with a sum from the State or county under a quasi contractual relationship with the municipality or State, creating a contributed reserve retirement system, the results are different, retirement pay made therefrom is not a pension : the contributions by the government, from their very nature, must be viewed in a different light ...... (p. 177) The employee's contributions are as much wages or salary when deducted at the source as though they had been paid directly ...... But the funds the county or state contributes are absolutely vested in the system that has been created by it, except the right of withdrawal just discussed. To hold otherwise for the reason that employee contributions are not wages when compulsorily deducted would not only be unfair and unjust, but would

circumvent all known equities ...... (p. 178) It is true the State has control of the revenues of municipalities as well as of its own, and while they are in hand may do with them as it pleases; but when it contributes them to a purpose recognized as being within the Constitution, and they are actually received by the designated objects, the legislature cannot reclaim them simply because it changes its mind."

The appellants cite cases from foreign jurisdictions, including *Dodge v. Board of Education*, 302 U. S. 74. They were decided upon the statutes which apply to those several jurisdictions. The present Chief Justice in Teachers' Tenure Act Cases, 329 Pa. 213, 227, 197 A. 344, pointed out the dissimilarity of the Dodge case, where the fund from which the pension was in dispute was contributed entirely by the state from taxation and not assisted by contributions from the salaries of teachers, to the McGovern and Teachers' Tenure Act Cases.

A careful consideration of the record and able arguments of the respective counsel brings us to the conclusion that the court below made a correct disposition of this case.

Decree is affirmed, at appellants' costs.

KELLER, P. J., dissents.