Ziska, Appellant, *v.* Lerch et vir.

482

Argued April 18, 1944. Before KELLER, P. J. BALD-RIGE, RHODES, HIRT, KENWORTHEY, RENO and JAMES, JJ.

J. C. Glassburn, for appellant.

Thomas A. Waggoner, Jr., for appellees.

OPINION BY KENWORTHEY, J., July 15, 1944:

On April 14, 1943, plaintiff, the son of Jennie A. Ziska, filed a bill in equity to cancel the deed by which she, shortly before her death on February 6, 1943, conveyed certain real estate to plaintiff's sister and husband, the defendants. The bill was based upon two allegations (1) that the mother lacked the required mental capacity, and (2) that the conveyance to de-

fendants was in violation of an oral agreement between plaintiff and his mother under the terms of which plaintiff agreed to move into the home, take care of the property and look after and care for his mother; in consideration of which he was to have the property at the time of his mother's death.

The contention that the mother lacked the required mental capacity has been taken out of the case by a specific finding, upon competent evidence, to the contrary. Since plaintiff is not entitled to specific performance (*Byrne's Est.*, 122 Pa. Superior Ct. 413, 186 A. 187), if he has a case it must be based on proof of the existence of the agreement, the value of his services and the improvements to the property (*Bemis v. Van Pelt*, 139 Pa. Superior Ct. 282, 11 A. (2d) 499; *Huffman Est.*, 349 Pa. 18, 36 A. 2d 638), and that the conveyance, as to him, was fraudulent under §4 or §7 of the Uniform Fraudulent Conveyance Act of May 21, 1921, P. L. 1045, No. 379, 39 PS 354, 357; *Angier v. Worrill*, 346 Pa. 450, 31 A. (2d) 87.

Plaintiff called as a witness Andrew Ziska, his brother, by whom he sought to prove the existence of the agreement. The chancellor, on the authority of *Gallagher v. Rogan*, 330 Pa. 545, 199 A. 168, and *Chambly v. Rumbaugh*, 333 Pa. 319, 5 A. (2d) 171, excluded the testimony on the ground that the witness was incompetent under the "dead man's rule" of the Act of May 23, 1887, P. L. 158, §5, cl. (e), 28 PS 322. The appeal brings up for consideration the correctness of this ruling.

The test whether a witness is incompetent under the Act of 1887 is whether he "would take a share of the property should its transfer be set aside": *Gallagher v. Rogan*, supra, at 549. The decision in that case would be controlling if the witness had been called to testify concerning the mother's lack of mental capacity because, if the transfer were set aside on that ground,

he might ultimately share in the property as an intestate heir. But it is well settled that a fraudulent transfer of property cannot be set aside by the grantor or for the benefit of his heirs; it can only be set aside to the extent that the property is required to satisfy the claim of the creditor: *Chester County Tr. Co. v. Pugh*, 241 Pa. 124, 88 A. 319; *Smith v. Grim*, 26 Pa. 95. It follows that Andrew could not participate in any benefit to the estate which would come from setting aside the conveyance on the ground he was called to establish; that he was, therefore, a competent witness and the court erroneously excluded his testimony.

As the record will be returned, it is appropriate to call attention to a serious obstacle which plaintiff must overcome before he is entitled to the remedy he seeks. Section 15(a) of the Fiduciaries Act of June 7, 1917, P. L. 447, as amended by the Act of June 7, 1919, P. L. 412, 20 PS 521, provides that no debt shall remain a lien on real estate of a decedent longer than one year after death unless within that period an action has been brought against the executor or administrator and indexed. Proof of compliance is a necessary element of plaintiff's case; without it the bill must be dismissed: *Central-Penn National Bank v. Culp et al.*, 320 Pa. 358, 182 A. 239.

The decree is reversed for further proceedings in accordance with this opinion, costs to abide the ultimate outcome and to be then fixed by the court below.