## Ziska, Appellant, *v.* Lerch et vir.

Argued April 23, 1947. Before Rhodes, P. J., Hirt, Reno, Dithrich, Ross and Arnold, JJ.

*J. C. Glassburn,* with him *W. K. Newell,* for appellant.

*Thomas A. Waggoner, Jr.,* for appellees.

Opinion by Reno, J., July 17, 1947:

This appeal is a sequel to *Ziska v. Lerch,* 155 Pa. Superior Ct. 481, 38 A. 2d 716. After the case was returned to the court below, the defendants-appellees, following a suggestion in our opinion, moved for the dismissal of the bill upon the ground that plaintiff-appellant had not brought and had indexed an action against the personal representatives of Jennie A. Ziska within one year after her death as required by the Fiduciaries Act of June 7, 1917, P. L. 447, as amended, 20 PS 521.

Appellant in his answer admitted that allegation, and alleged, as new matter, inter alia, that certain structures and improvements upon the land in controversy were his property of which fact appellees had knowledge when they procured their deed from Jennie Ziska, and that "the Court is powerless to enter any decree or judgment in this case which would justify the issuing of a writ of possession and the right of possession thereto can only be determined by an action in ejectment." Appellees' answer to the new matter denied that appellant owned the structures and improvements, and

averred that "an Action in Ejectment is pending before Your Honorable Court, the judgment in which by stipulation is dependent upon the outcome of this proceeding in Equity." The court below, one judge dissenting, dismissed the bill, and the present appeal is from that decree. None of the points raised by the aforesaid pleadings was presented to us.

Here appellant urged that the decree be reversed, and the case remanded to the court below with direction to certify it to the law side of that court for trial by jury in accordance with the Act of June 7, 1907, P. L. 440, 12 PS 1227, et seq. This was his sole contention in this court, and his object is apparently to secure an adjudication of a question hitherto not raised below or here: "Did the gift of the property to the son in 1921 pass title to him under an executory contract?" No motion for such certification was made in the court below, and,.had it been made, it would have been the duty of that court to deny the application.

The Act of 1907 is not available to appellant who was plaintiff below. It can be invoked only by the defendant in an equity proceeding. In part it provides (section 1) : "When a bill in equity has been filed in any court of this commonwealth, if the *defendant* desires to question the jurisdiction of the court, upon the ground that the suit should have been brought at law, he must do so by demurrer or answer, explicitly so stating, or praying the court to award an issue or issues to try questions of fact". (Emphasis added). Only in the event that "the court shall decide that the suit should have been brought at law", may it "certify the cause to the law side of the court", and this must be "decided in limine, before a hearing of the cause upon the merits." Id. section 2, 12 PS 1228. The statute further provides: "The plaintiff shall not be permitted to raise the question upon his appeal after a decision upon the merits . . ." Id. section 3, 12 PS 1229. The import of the statute is clear and unequivocal, and further discussion is needless.

Decree affirmed at appellant's costs.