Francis *v.* Corleto et al., Appellants.

Argued June 9, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Matthew W. Bullock, Jr.,* Deputy City Solicitor, with him *James L. Stern,* Second Deputy City Solicitor, and *Edward G. Bauer, Jr.,* City Solicitor, for appellants.

*Domenick Vitullo,* with him *A. Charles Peruto,* for appellees.

OPINION BY WOODSIDE, J., September 17, 1964:

We have before us appeals from the entry of judgments for the plaintiffs on the pleadings in actions in mandamus brought to require the payment of certain monies by officials of the City of Philadelphia.

The plaintiffs, John E. Francis and Harold V. Varani, were discharged on May 6, 1961, by the City of Philadelphia from their positions as Deputy Commissioner of Public Property and Director of Architecture and Engineering in the Department of Public Property, respectively. Subsequently they were indicted and tried for illegal conspiracy to defraud, accepting bribes, extortion and conspiracy arising out of the improper performance of their duties in connection with the repairing of the city-owned Frankford Elevated transportation line.

Francis was convicted on twelve separate charges, and on appeal to this Court, seven of those twelve were upheld. See *Commonwealth v. Francis,* 201 Pa. Superior Ct. 313, 191 A. 2d 884 (1963), allocatur denied 201 Pa. Superior Ct. XXVI, cert. den., 375 U.S. 985 (1964). Varani was tried and acquitted.

When the plaintiffs were discharged from their position with the city, they demanded (1) the return of the contributions withheld by the city for them on account of the city pension fund and (2) payment of the monetary equivalent of their unused vacation, designated "terminal vacation pay."

Upon the refusal of the city to comply with their demands, they brought these actions in mandamus naming as defendants three Philadelphia officials— the Commissioner of Public Property, the Controller and the Treasurer. The plaintiffs alleged the termination of their employment, the demand and refusal of payment, the amounts of the contributions withheld and the value of the unused vacation. The city officials filed preliminary objections which were dismissed.

An answer was then filed by the city officials denying that the plaintiffs were entitled to the sums claimed because of "improprieties, misconduct, and criminal acts," and alleging under "New Matter," the affirmative defense of set-off arising out of financial losses to the city as a result of the plaintiffs' conduct during their employment. The plaintiffs then moved for judgments on the pleadings which were granted, the court below stating that it "deem[ed] the entire matter to be one of ministerial duty."

The defendants raise at the outset the question of whether the extraordinary remedy of mandamus lies in this case, contending that assumpsit, the usual remedy when disputes arise over employment contracts, is both adequate and appropriate.

The action of mandamus lies to compel the performance of a ministerial act or mandatory duty. The primary requisites of the action are that the plaintiff has a legal right to enforce which is specific, well defined and complete; that a corresponding positive duty rests upon the defendant; and that no other adequate, specific or appropriate remedy exists. While the remedy is strictly a legal one, governed by statute (Act of June 8, 1893, P. L. 345, as amended, 12 P.S. §1911 et seq.) and the Rules of Civil Procedure (Rules Nos. 1091 to 1098), it is not a remedy of absolute right, and equitable principles largely govern its determination. See 23 P.L.E., Mandamus, §1, and cases cited therein.

In the light of the foregoing, it is necessary to ascertain the legal nature of the pension contributions and the terminal vacation pay. The defendants contend that both are merely withheld wages.

As to the pension contributions, this contention overlooks those provisions of the City's Retirement System Ordinance adopted December 3, 1956, which specifically cover the situation before the court. These provisions make it clear that pension contributions are sums earned and paid, but retained by the city, *as trus-*

*tee,* for the future benefit of the employee. Specifically §212.1 of the ordinance provides, in part, that "Each employee shall *pay,* by salary deduction, contributions . . .". (Emphasis supplied) Section 213.1, which is the authority relied upon by the plaintiffs for the return of their contributions, states: "An employee whose service with the City is terminated *for any cause other than death or retirement* before becoming eligible for any service retirement benefits shall be *repaid* the total contributions made by him into the retirement system without interest." (Emphasis supplied) Obviously the provisions relating to the payment and repayment of contributions indicate that an employee acquires in his own right the part of his salary withheld by the city for pension purposes. The city when it "retains" the deductions does so in a status different than when it "pays" the employee. Its employer relationship ceases, and it becomes, as to the retained contributions, a trustee.

The plaintiffs here are asking for the return of only those contributions which they made pursuant to the ordinance. They are not seeking any benefits under that ordinance which involve contributions by the city. In the case of *Abrahams v. Wilson,* 134 Pa. Superior Ct. 297, 3 A. 2d 1016 (1939), the widow of a former employee of the City of Philadelphia (found by the Court to have misappropriated city funds to his own use), brought an action in equity to obtain an accounting and payment of the contributions made by her husband to the city's pension fund. The court held that the city as trustee of the pension fund could not raise the loss sustained by the misconduct of its employee as a defense nor as an equitable setoff.

Similarly the Restatement (2d), Trusts, §250 recognizes that "The trustee is not entitled to a charge on a beneficiary's interest in the trust estate to secure a liability of the beneficiary to the trustee not con-

nected with the administration of the trust, unless the beneficiary contracts to give him such a charge."

Finally §217.1 of the Ordinance, which contemplates the forfeit of any retirement rights or benefits by an untrustworthy employee clearly recognizes his rights to a return of his contributions without interest.

It provides that no employee shall be entitled to receive any retirement or other benefit "except a return of contribution paid into the Retirement System, without interest," if he is found guilty of accepting a bribe, engaging in graft or corruption incident to his employment, malfeasance in office, or other acts enumerated therein.[1]  Thus, even an employee convicted

---

[1] The relevant language of §217.1 is as follows: "Notwithstanding any other provision of this Article, no employee nor any beneficiary designated by or for any employee shall be entitled to receive any retirement or other benefit or payment of any kind except a return of contribution paid into the Retirement System, without interest, if such employee (a) pleads or is finally found guilty, or pleads no defense, in any court, to any of the following: (1) Perjury committed in connection with his official duties or in any affidavit or proceeding concerning his official duties or conduct; (2) Acceptance of a bribe for the performance, or affecting the performance or for the non-performance of his official duties, or the offering or giving of a bribe to any other City employee or employee of the Commonwealth of Pennsylvania or of the United States for the performance or affecting the performance or for the non-performance of his official duties; (3) Engaging in graft or corruption incident to or in connection with his office or employment constituting a violation of the laws of the Commonwealth of Pennsylvania or the United States; (4) Theft, embezzlement, wilful misapplication, or other illegal taking of funds or property of the City, or those of any official agency of the City, or agency engaged in performing any governmental function for the City or the Commonwealth of Pennsylvania; (5) Malfeasance in his office or employment; (6) Commission of a felony or crime of violence under the laws of the Commonwealth of Pennsylvania or of the United States; (7) Engaging in a conspiracy to commit any of the foregoing; . . ."

of crimes of official misconduct is, under §213.1 quoted above, entitled to "be repaid the total contributions made by him" and the exception in §217.1 explicitly recognizes this result.

The defendants argue that §218 of the ordinance justifies their refusal to retain the contributions in this case. This provision exempts the pension benefits and rights accrued or accruing under the ordinance from levy and sale, garnishment, attachment, and execution and also prevents their assignment or transfer.[2] An exception to this provision is made by the following proviso: "Provided, however, That the City shall have the authority to assert or offset any claim of the City against such person and the rights or benefits arising from his membership under this ordinance." It should be noted here that the city's claim in these cases is of an indefinite amount and character; it has not been reduced to a judgment or otherwise liquidated. The proviso does nothing except make inoperative, as to the city, the other provisions of the same section. It does not confer upon the city any power or right which that section would not take from the city were the proviso not there. Statutory Construction Act of May 28, 1937, P. L. 1019, §54, 46 P.S. §554. Furthermore, to construe the proviso as broadly as contended

---

[2] Section 218 in its entirety is as follows: "Section 218. Exemption. 218.1. The right of a person to benefits, the return of contributions or any benefit or right accrued or accruing to any persons under the provisions of this ordinance, and the moneys in the funds created pursuant to this ordinance are hereby exempted from levy and sale, garnishment, attachment, execution, sequestration or any other process whatsoever, except where an order has been made by a court of competent jurisdiction for the support of the spouse or child of a member, and shall be payable only to the beneficiary designated by this ordinance and shall not be subject to assignment or transfer; Provided, however, That the City shall have the authority to assert or offset any claim of the City against such person and the rights or benefits arising from his membership under this ordinance."

for by the appellants would nullify the clear language and intent of §213.1 and §217.1, previously set forth.

The defendants further contend that the plaintiffs by appealing their dismissals to the Philadelphia Civil Service Commission thereby elected to treat the dismissals as improper, and argue that the plaintiffs should be prohibited from both accepting their dismissals for purposes of obtaining the repayment of their contributions and disputing their dismissals for purposes of gaining reinstatement to their former positions. In this connection, §217.2 provides, in part: "Where an employee is dismissed for any of the foregoing reasons [set forth in §217.1] no *retirement or other benefit* shall be payable pending the final disposition of any criminal proceedings . . . or appeal to the Civil Service Commission. If the employee is finally successful in such criminal proceedings and in his appeal from dismissal before the Civil Service Commission, . . . then all such employee's retirement and other rights and benefits shall be restored as of the date of such dismissal . . .". This provision refers back to the preceding section, §217.1, wherein the return of contributions without interest are excepted from the prohibition against payment of retirement benefits to untrustworthy employees. Section 217.2 can not be interpreted to nullify the expressed intention to secure to an employee, separated from his position "for any cause except death or retirement", the return of his contributions held by the city as trustee. If the employee is successful in challenging his dismissal, he must return his contributions to the city as a condition of his re-employment pursuant to other provisions of the Retirement System Ordinance.

The plaintiffs here have the right to the return of their contributions, a duty rests upon the defendants to accomplish this by acts purely ministerial, and the plaintiffs have no adequate and appropriate "ordinary"

remedy; hence the extraordinary remedy of mandamus lies as to the requested return of the pension contributions.

As for the payments representing terminal vacation pay, the pertinent civil service rules provide that any employee "shall" upon separation from his employment, receive payment in a lump sum for the period representing the unused portion of his earned vacation leave. Such monetary equivalent of unused vacation represents accrued earnings which, unlike pension contributions, have not yet been paid by the city to the employee. Nor is the city a trustee for such funds. It simply is an employer who owes or may owe accrued wages for services rendered.

Assumpsit, the usual action for such claims, is an adequate and appropriate remedy in this case.

The defendants' contention that an employee's dishonesty is a defense to an action for compensation, and further, that the losses sustained by such dishonesty may be asserted in a counterclaim to an action in assumpsit, can be more fully developed if the plaintiffs choose to initiate such suit.

The judgments entered on the pleadings are affirmed as to their direction to repay to the plaintiffs their pension contributions, but are reversed as to the terminal vacation pay.

---

DISSENTING OPINION BY WRIGHT, J.:

The basic question in this case is whether the City of Philadelphia should be required to return pension contributions to two highly placed officials who breached their trust in office and caused financial loss far in excess of the moneys they seek. It is my view that there is neither a legal nor a moral obligation on the part of the City to make these payments. In fact, Section 218.1 of the Retirement System Ordinance contains express authority "to assert or offset any claim

of the City against such person and the rights or bene-
fits arising from his membership under this ordi-
nance". I respectfully dissent.