## Myers, Admrx., et al. *v.* Marquette, Appellant.

Argued January 24, 1933. Before FRAZER, C. J., KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Samuel H. Stewart* and *H. W. Petrikin*, with them *H. H. Waite*, for appellant.—There was no delivery of the deed: Kanawell v. Miller, 262 Pa. 9; Critchfield v. Critchfield, 24 Pa. 106; Nicholls's App., 190 Pa. 308; Elliot v. Merchants Bank, 21 Cal. 536.

*James S. Woods*, with him *Xopher Beck*, for appellee, cited: Burke v. Burke, 307 Pa. 521; Carter v. Martin, 307 Pa. 515; Locke v. Trust Co., 306 Pa. 478.

OPINION BY MR. JUSTICE DREW, March 20, 1933:

John Horning, a retired minister of the Methodist Episcopal Church, died intestate on September 24, 1931, at the age of 86. He left as his only heir at law his daughter Mary E. Myers, wife of Earle L. Myers. Some years before his death he conveyed a farm to Mrs. Myers, and about the same time he conveyed the house in which he was living in the Borough of Huntingdon to his other daughter, Beulah, then unmarried, with whom he continued to make his home. Subsequently she married Charles Marquette, the defendant, and Mr. Horning resided in the house with them. Mrs. Marquette died on May 7, 1928, intestate as to this property. Thereafter, and until his death in 1931, Mr. Horning continued to occupy the house with Mr. Marquette.

This bill in equity was brought by Mrs. Myers, as administratrix and only heir at law of her father, against Mr. Marquette, to obtain possession of an unrecorded deed in his possession conveying this property to Mr. Horning. It had been executed by complainant, her

husband, and Mr. Marquette, under date of June 18, 1928, and, it was averred, had been delivered to Mr. Horning, the grantee, who had given it to Mr. Marquette for safekeeping. Defendant in his answer denied that the deed had ever been delivered by him to the grantee, and averred that the arrangement between him and Mr. Horning was that he should retain possession of the deed, and that it should not become effective unless he predeceased Mr. Horning. After a hearing, the learned chancellor found that the deed had been delivered by Mr. Marquette, that Mr. Horning then asked him to keep it for him in his safe deposit box, and that Marquette agreed to do so and received the deed for that purpose only. A decree nisi was accordingly entered, ordering defendant to deliver the deed to complainant. There was a petition for a rehearing on the ground of newly discovered evidence, which was refused, and a final decree was entered, from which defendant appealed.

At the hearing, complainant called Xopher Beck, Esq., who testified that he prepared the deed and acted as attorney in the transaction for all the parties; that the deed was sent to Northumberland County for execution by Mr. and Mrs. Myers, who signed and acknowledged it and sent it to Mr. Horning; and that on July 5, 1928, Mr. Horning, accompanied by Mr. Marquette, brought it to his office. He stated that Marquette then signed and acknowledged it and handed it to him, and that he examined it and passed it back to Marquette, who handed it to Mr. Horning. The latter then asked whether it was all right, and after being assured that it was, he handed it to Marquette, with the request to keep it for him in his safe deposit box.

The defendant denied that the transaction had taken place as Mr. Beck stated. He testified that the arrangement between him and Mr. Horning, made in the presence of Mr. Beck, was that Mr. Horning should have the property if, and only if, he predeceased Mr. Horning, and that the deed was prepared with this purpose in

view. He stated that although the three of them had discussed the matter on various occasions, Mr. Horning was not present at the time he signed and acknowledged the deed, and that he had never delivered it to Mr. Horning. He further testified that after he signed and acknowledged the deed Mr. Beck examined it and returned it to him with the suggestion that he place it in his safe deposit box, where both he and Mr. Horning would have access to it, so that in case he died before Mr. Horning the latter could immediately record the deed, and the property would then become his. The defendant made no attempt to explain in what way Mr. Horning had, or could have had, access to his deposit box. In rebuttal, Mr. Beck flatly contradicted defendant's account of the transaction.

Mr. Beck's testimony, if believed, was amply sufficient to show a completed delivery of the deed by manual tradition. The learned chancellor accepted his testimony as true, and it is our well settled rule that a chancellor's findings of fact, supported by evidence or reasonable inferences therefrom, have the effect of the verdict of a jury, and will not be disturbed on appeal: Feuerstein v. New Century Realty Co., 304 Pa. 271; Locke v. Provident Trust Co., 306 Pa. 478; Burke v. Burke, 307 Pa. 518; Phila. v. Phila. Suburban Water Co., 309 Pa. 130. Although the burden rested upon complainant to prove the delivery of this unrecorded deed in the possession of a grantor (Leahey v. Leahey, 309 Pa. 347), this burden was successfully met. The case of Nicholls's App., 190 Pa. 308, cited by defendant, is not in point, for in that case the circumstances under which the deed was handed to the grantee and returned by him to the grantor entirely dispelled the idea of a delivery, and the lower court so found.

There is no merit in defendant's contention that the court below erred in refusing his petition for a rehearing. In support of the petition he produced depositions of various witnesses to the effect that after the execution

of this deed he had paid for the erection of a garage upon the property, that the property continued to be assessed in his name (although it was not shown that he paid the taxes), and that shortly before Mr. Horning's death defendant had paid the cost of painting the house. He also presented his own deposition, in which he stated that he had been mistaken when he testified at the trial that Mr. Horning was not present when he received the deed from Mr. Beck, but he reiterated that he did not hand it to Mr. Horning. With the possible exception of the testimony of the tax assessor, all the facts stated in defendant's depositions were known to him at the time of the original hearing. With reasonable diligence, all this testimony, including that of the tax assessor, could have been produced at that time. None of it was necessarily inconsistent with Mr. Horning's ownership of the property. As to defendant's own deposition, it was merely an admission that he had made a mistake in his previous testimony, and a reiteration of a part of what he had already said. An application for a rehearing is addressed to the sound discretion of the chancellor (Fell v. Pitts, 263 Pa. 314; Duncan v. Duncan (No. 1), 265 Pa. 464; see Jackson v. School District, 280 Pa. 601, 608), and in this instance, we think, that discretion was wisely exercised.

The decree of the court below is affirmed at the cost of appellant.