## Thomas v. Thomas

S. A. *Sisson,* for plaintiff.

*English, Quinn, Leemhuis & Tayntor,* for defendant.

*Robert J. Firman* and *William W. Knox,* for intervenor.

KITTS, P. J., July 22, 1943.—When the petition for an accounting of rent in this partition proceeding was first before the court we referred it back to the master to take testimony so that we might determine whether or not Raymond W. Thomas was in possession of the premises to the exclusion of petitioner, or, in other words, whether his possession thereof was such that the Act of June 24, 1895, P. L. 237, sec. 1, 68 PS §101, would compel him to file an accounting for the rent for a proportionate part thereof while he has been in possession.

Much testimony was taken before the master, a large part of which was immaterial and irrelevant, but the whole record shows a general family settlement under a family arrangement whereby plaintiff took over the management of six properties, two of which are now the subject of partition in this case; he managed these properties as a whole, keeping books as to the income thereof but earmarking the same in a general fund; he took occupancy of a house on one parcel of

land in 1932 in order to preserve the property and has stayed there since that time because of his inability to find a suitable tenant; his inability to find such a tenant was due both to the depression and to the deplorable condition of the house; since January 1939, when this proceeding in partition was first instituted, he still retained possession thereof with the expectation that the partition proceeding would be speedily terminated; he has rendered several accountings of his management of all of the property which show a balance due him; it plainly appears from the record that the property never has been and is not now able to show a profit over and above the expenses; no complaint was ever made of his management other than an admonition that he was spending too much money on repairs, nor since the death of the former owner has defendant in this case complained or taken any part in the management or offered any suggestions nor has she demanded or requested possession of any part of the properties; and no tenant or owner has ever been excluded from any property or refused a part in the management. The record clearly indicates that on account of the rundown and dilapidated condition of the property no one else seemed to bother with it and that the original family arrangement has remained undisturbed; that ever since 1939 plaintiff has been trying to get the properties divided and there is no evidence in the record that during these four and one half years the delay in this lawsuit could in any wise be attributable to him.

Section 1 of the Act of 1895, supra, provides as follows:

"Section 1. Be it enacted, &c., That in all cases in which any real estate is now or shall be hereafter held by two or more persons as tenants in common, and one or more of said tenants shall have been or shall hereafter be in possession of said real estate, it shall be lawful for any one or more of said tenants in common,

not in possession, to sue for and recover from such tenants in possession his or their proportionate part of the rental value of said real estate for the time such real estate shall have been in possession as aforesaid; and in case of partition of such real estate held in common as aforesaid, the parties in possession shall have deducted from their distributive shares of said real estate the rental value thereof to which their co-tenant or tenants are entitled."

Under the common law there could be no recovery by one tenant in common out of possession from his co-tenant in possession but this act has changed the rule. Nevertheless, there must be evidence that claimant in this case was excluded from possession of the premises as a tenant in common. This does not appear in the record but it plainly appears, to the contrary, that neither occupancy nor possession was ever denied to her. See Citizens Deposit & Trust Company of Sharpsburg v. Citizens Deposit & Trust Company of Sharpsburg et al., 136 Pa. Superior Ct. 413.

In the case of Hoog et al. v. Diehl, 134 Pa. Superior Ct. 14, Judge Rhodes, in discussing this act, speaking for the Superior Court, inter alia, said (p. 19):

"But exclusive possession is a prerequisite to the right of the tenant in common not in possession to recover from the tenant in possession his or her proportionate share of the rental value of the real estate for the time such real estate has been in the possession of the other."

See also Peterson et al. v. McNeely, 125 Pa. Superior Ct. 55.

The courts of our Commonwealth have always favored family settlements and family agreements and in respect to the act in question see Hagan's Estate, 50 Pitts. L. J. 280, which holds that where, by a family agreement between co-devisees, children of the testator, the rents are received by one of them, he cannot be compelled to account for them under this act. See also Stamm's Estate, 17 Dist. R. 863. In that case it

was held that devisees are not entitled to an accounting under this act from their co-devisees for the use and occupation of the mansion house by the latter when such use and occupation was under a family agreement.

Of course, there is a line of decisions which rules the Act of 1895, supra, applicable in certain cases, but the instant case, being a family settlement and arrangement, and it appearing from the record that defendant was never excluded from the premises, must fall.

Therefore, we accordingly make the following

### Order

Now, to wit, July 22, 1943, the rule granted June 25, 1942, on defendant's petition for an accounting, be and the same is hereby overruled and discharged.