## Huffman Estate (No. 1)

Argued January 3, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*E. D. Preate,* with him *J. Julius Levy* and *William J. Maxey,* for appellant.

*David B. Skillman,* with him *Detleff A. Hansen,* for appellee.

OPINION BY MR. JUSTICE HUGHES, March 20, 1944:

Elizabeth Huffman died possessed of a resort hotel property. One of the heirs instituted partition proceedings. In marshalling the assets, it appearing that another of the heirs was in possession of the premises, that heir was asked to pay rent for use and occupation in accordance with the provisions of the Orphans Court Partition Act of 1917, P. L. 337, Sec. 20.[1] This is a re-enactment of a part of the Act of June 24, 1895, P. L. 237, Sec. 1.[2]

The court found that in 1907 the parents of Norman Huffman were in financial trouble and Norman Huffman, his father and another brother made a contract of partnership for the operation of the several businesses formerly operated by the father. The father "gave up shortly" and the brother died in 1912. Thereafter Norman Huffman carried on the business and assumed the obligations. The hotel became the home of all the fam-

---

[1] "In case of partition of real estate now or hereafter held by two or more persons as tenants in common, where one or more of said tenants shall have been or shall hereafter be in possession of said real estate, the parties in possession shall have deducted from their distributive shares of said real estate the proportional part of the rental value thereof to which their cotenant or cotenants are entitled for the time such real estate shall have been in possession as aforesaid."

[2] "That in all cases in which any real estate is now or shall be hereafter held by two or more persons as tenants in common, and one or more of said tenants shall have been or shall hereafter be in possession of said real estate, it shall be lawful for any one or more of said tenants in common, not in possession, to sue for and recover from such tenants in possession his or their proportionate part of the rental value of said real estate for the time such real estate shall have been in possession as aforesaid; and in case of partition of such real estate held in common as aforesaid, the parties in possession shall have deducted from their distributive shares of said real estate the rental value thereof to which their cotenant or tenants are entitled."

ily whenever they chose to stay or return. They entertained their guests there. One brother lived there free of charge and one sister helped about the hotel until her death. Norman Huffman expended some $20,000 in repairs to the hotel. Since the death of Elizabeth Huffman, the mother, none of the family except the brother and sister before mentioned lived there or undertook to manage the business or assert ownership or possession. Norman Huffman carried on the same as before the mother's death and there was no change in the attitude of the tenants in common toward him and the property. The court found the foregoing facts and then concluded: "We cannot infer from these facts, a family arrangement whereby there was to be no charge for use and occupation." On the other hand, Norman Huffman admitted that he had operated the hotel prior to the time his mother died in 1937 and continued to operate it until its sale; that throughout all of that period he held himself out to be the owner and proprietor of the hotel, received the income from it, and paid the expenses of its operation. These findings of fact are fully supported by the evidence and have the effect of a verdict of a jury and will not be disturbed on appeal: *Myers, Admx., et al. v. Marquette,* 311 Pa. 198, 201, 166 A. 361; *Phila. v. Phila. Sub. Water Co.,* 309 Pa. 130, 142, 163 A. 297. The auditor in accordance with the foregoing facts determined the amount due for use and occupation of the hotel by Norman Huffman, and having correctly made this determination and the court below having affirmed it, we shall not disturb it.

During the occupancy by Norman Huffman of the hotel he made improvements and installed a water supply system by which water was led from a source of supply on property belonging to Norman Huffman to the hotel. The auditor correctly held, that title to the property being in his mother prior to her death, any improvement made before the date of the death of his mother should have been filed as a claim against her

estate within one year after the date of her death: *Brennan's Estate*, 277 Pa. 509, 121 A. 321; Sec. 15 (a) of the Act of 1917, P. L. 447.

The only claim for improvement following the death of the mother was an addition to water storage sheds and tanks at a cost of $300.00. The auditor finds: "As there is no evidence as to what the 'additions to water storage sheds and tanks' consisted of; the extent to which this expenditure enhances the value of the property; that it was made for the preservation of the common property and not for the convenience of Norman Huffman himself, the auditor does not allow this set off." Without evidence on which the auditor could make a finding that the value of the property was enhanced by this expenditure, it was properly disallowed.

Judgment affirmed.