## Search Estate.

Argued March 4, 1947. Before RHODES, P. J., RENO, DITHRICH, ROSS and ARNOLD, JJ. (HIRT, J., absent).

*T. G. Wadzinski,* for appellant.

*Stanley B. Jones* filed a brief for appellee.

OPINION BY ROSS, J., April 16, 1947:

This is an appeal by a tenant in common from a rent charge against his distributive share in the proceeds of a sale of the property in a partition proceedings, and involves section 20 of the Orphans' Court Partition Act of June 7, 1917, P. L. 337, 20 PS 1284, which provides as follows: "In case of partition of real estate now or hereafter held by two or more persons as tenants in common, where one or more of the said tenants shall have been or shall hereafter be in possession of said real estate, the parties in possession shall have deducted from their distributive shares of said real estate the proportional part of the rental value thereof to which their cotenant or cotenants are entitled for the time such real estate shall have been in possession as aforesaid."

On September 2, 1933, Sterling E. Search died intestate as to certain real estate, leaving to survive him his widow, Abbie Search, and various other heirs. The widow continued to live on the premises until she died intestate on June 2, 1944, her son, Osborne Shultz, the appellant, residing with her, and after her death he continued to live on the premises. On March 28, 1945, partition proceedings were brought in the Orphans' Court of Luzerne County. The trustee appointed by the court, after due notice, etc., sold the property to Osborne Shultz and Dorothy Shultz, his wife, and at the audit of the trustee's account the court, inter alia, made the following finding: "7. Because of the fact that Osborne Shultz had exclusive possession of the premises from the date of his mother's death, to-wit: June 2, 1944, until title to the property vested in him by virtue of the sale, to-wit: November 14th, 1945, he will be surcharged the value of the rents for this period. By agreement of all the parties the rental value fixed is $14.00 per month

or $238.00." After the appellant's exceptions to this finding were dismissed by the court below, this appeal was taken.

Although admitting that after the death of his mother he was in possession of the property, appellant contends that he is not liable for the rental value thereof because he did not deny "the same right to the other tenants in common". This contention is ruled against appellant and this case is controlled by *Huffman Estate (No. 1)*, 349 Pa. 18, 36 A. 2d 638. In that case Elizabeth Huffman died possessed of a resort hotel property. In marshalling the assets after the property was sold in a partition proceedings, one of the heirs, Norman Huffman, was charged with rent for use and occupation on the basis that he was in possession of the premises. In affirming the charge for rent, the Supreme Court, in an opinion by Mr. Justice HUGHES, stated: "The court found that in 1907 the parents of Norman Huffman were in financial trouble and Norman Huffman, his father and another brother made a contract of partnership for the operation of the several businesses formerly operated by the father. The father 'gave up shortly' and the brother died in 1912. Thereafter Norman Huffman carried on the business and assumed the obligations. The hotel became the home of all the family whenever they chose to stay or return. They entertained their guests there. One brother lived there free of charge and one sister helped about the hotel until her death. Norman Huffman expended some $20,000 in repairs to the hotel. Since the death of Elizabeth Huffman, the mother, none of the family except the brother and sister before mentioned lived there or undertook to manage the business or assert ownership or possession. Norman Huffman carried on the same as before the mother's death and there was no change in the attitude of the tenants in common toward him and the property. The court found the foregoing facts and then concluded: 'We cannot infer from these facts, a family arrangement whereby

there was to be no charge for use and occupation.' . . . These findings of fact are fully supported by the evidence and have the effect of a verdict of a jury and will not be disturbed on appeal: Myers, Admx., et al. v. Marquette, 311 Pa. 198, 201, 166 A. 361; Phila. v. Phila. Sub. Water Co., 309 Pa. 130, 142, 163 A. 297. The auditor in accordance with the foregoing facts determined the amount due for use and occupation of the hotel by Norman Huffman, and having correctly made this determination and the court below having affirmed it, we shall not disturb it."

In this case the evidence sustains the auditing judge's finding of fact that appellant "had exclusive possession of the premises". The appellant testified that he paid the taxes on the property, made repairs to the building for his own accommodation and that since the death of his mother he had been "in exclusive possession of this property—no one else". The circumstances that none of the other tenants tried "to move in" or objected to appellant's "occupation of the place" are not material, under the authority of the *Huffman* case, supra.

Decree is affirmed at the cost of appellant.