## Takos v. Takos

*Robert W. Semenow* and *Louis Vaira*, for plaintiff. *Frank Reich*, for defendants.

WEIR, J., July 11, 1961.—This complaint in partition relates to a house on Oakland Avenue in the City of Pittsburgh which has been converted into several dwelling units, and of which plaintiff and defendants

own equal shares through inheritance as tenants in common.

The parties have agreed to partition and to the sale of plaintiff's interest to defendants in accordance with Rule 1563 of the Pennsylvania Rules of Civil Procedure, and that the net value of the property for this purpose shall be $12,000 after all expenses of the transfer. Plaintiff, however, claims that defendants, Angelo Takos and Emily Pikos, have been occupying the property since the death of their father on July 11, 1953, and that they should pay rental value for the shares of plaintiff and the other defendant for the period of their occupancy. Upon request of the parties, the court consented to take testimony and determine this single matter in dispute and then dispose of the case without referring it to a master, and without a formal adjudication as outlined in Rule 1570.

At the outset it should be noted that plaintiff acquired her share in this property through the will of her husband who died on September 9, 1958, and, therefore, it would appear that her claim could not extend prior to that date since she has brought suit only in her individual capacity. However, this comment is academic in view of what transpired at the hearing of the case. It is also academic that the legal authorities cited by plaintiff's counsel in regard to the obligations of tenants in possession seem to be in accordance with the weight of authority in this jurisdiction: Search Estate, 160 Pa. Superior Ct. 488; Sivak Estate, 161 Pa. Superior Ct. 323.

The difficulty with plaintiff's claim is that she was unable to show anything definite about possession of this property, exclusive or otherwise. In this respect, she was handicapped by the fact that she and her late husband had been in Pittsburgh only four or five times since 1953. She admitted that she probably could have stayed in the house on these occasions if she had chosen

to do so, although she did not particularly observe who else was there or what portions of the building they occupied. She attempted to develop the facts of possession by calling Algelo Takos for cross examination, but his testimony was vague. He recalled moving into the first floor in 1956 or 1957, that his sister Emily Pikos was on the third floor part of the time, that there was a roomer on the second floor now and then, and that any rent was used for repairs and taxes. The facts cannot be constructed from this record.

If we believed an injustice was being done here through lack of information, we would have attempted to bring about a more searching inquiry. On the contrary, however, it seems more likely that the interests of all the owners were preserved and perhaps augmented by the actions of some, and particularly by the actions of Angelo Takos, who appears to have improved the building.

Since it is not possible to find that any one party had actual possession of the property for any specific period, the claim for rental value will be denied, and otherwise the order will be in accordance with the desire of all of the parties as hereinbefore stated.

### Order

And now, July 11, 1961, in accordance with the foregoing opinion, the real estate which is the subject of this proceeding is awarded to defendants upon payment of the net sum of $3,000 by defendants to plaintiff, who shall execute a deed to defendants for her interest therein upon receipt of said payment.

All taxes, recording fees and costs relating to transfer of plaintiff's title to be paid by defendants.

The parties to pay their own costs of this proceeding.