Sciotto v. Sciotto, Appellant.

Argued September 29, 1971. Before Jones, Eagen, O'Brien, Pomeroy and Barbieri, JJ.

*Neil B. Murchison,* with him *John F. Sullivan,* for appellant.

*Merle K. Evey,* with him *Patterson, Evey, Routch & Black,* for appellee.

Opinion by Mr. Chief Justice Jones, March 22, 1972:

This is an appeal from the decree of the Court of Common Pleas of Blair County affirming the report of a master with respect to the distribution of jointly-owned property. We affirm this decree.

In 1951, the appellants, Frank Sciotto, and appellee, Rosario Sciotto, brothers, became tenants in common to several pieces of real estate devised to them by the will of their father and located in Altoona, Pennsylvania. In 1966, appellee commenced an action in equity to partition the aforementioned real estate. A master was appointed for the purpose of conducting a private sale of the said real estate and the property

was purchased by appellant for $12,000. In addition to conducting the sale, the master took testimony for the purpose of allocating certain debits and credits between the parties.

The master's report, filed pursuant to Pa. R. C. P. §1569, found the appellant to have been in substantially exclusive possession of the premises since 1959, when the appellee married and left the house. After receiving testimony from a real estate appraiser and the parties to this litigation, the master fixed the fair monthly rental value of the premises at $65 and recommended that appellant be charged for rent at the rate of $32.50 per month from December, 1959.

The appellant filed timely exceptions to the master's findings pursuant to Pa. R. C. P. §1569(c) alleging as follows: (1) as a matter of law and fact, the finding of the master that appellant had substantially exclusive possession of the premises was erroneous and (2) the fair rental value of the property as determined by the master was excessive.

The court below adopted the findings and conclusions of the master, except for modifying the report to limit rental payments to the period after December 15, 1961, the six-year statute of limitations precluding recovery prior to that date. This appeal followed.[1]

This case arises under the Act of June 24, 1895, P. L. 237, §1, 68 P.S. §101, which provides: "In all cases in which any real estate is now or shall be here-

---

[1] On appeal to this Court, appellant raises a third argument, namely, in order to recover rental value from the tenant in common in possession of the premises, there must be some act creating a landlord-tenant relationship. Since the properties passed to appellant and appellee by inheritance, no such relationship arises. Appellant did not raise this issue in the court below. We have consistently held that matters not properly raised in the court below cannot be raised initially on appeal. *E.g.*, *Logan v. Cherrie*, 444 Pa. 555, 282 A. 2d 236 (1971).

after held by two or more persons as tenants in common, and one or more of said tenants shall have been or shall hereafter be in possession of said real estate, it shall be lawful for any one or more of said tenants in common, not in possession, to sue for and recover from such tenants in possession his or their proportionate part of the rental value of said real estate for the time such real estate shall have been in possession as aforesaid; and in case of partition of such real estate held in common as aforesaid, the parties in possession shall have deducted from their distributive shares of said real estate the rental value thereof to which their cotenant or tenants are entitled."

Two requirements must be satisfied before recovery of the fair rental value of the premises will be permitted: (1) the complaining party must show he is not in possession of the premises; and (2) it must be shown that the remaining tenant in common occupies exclusive possession of the premises. As correctly stated in *Hoog v. Diehl,* 134 Pa. Superior Ct. 14, 19, 3 A. 2d 187, 189 (1938): "For plaintiffs to be entitled to a share of the rental value of the premises sold in partition, it must appear that plaintiffs were out of possession, and that defendant was in exclusive possession. The statute is not automatically operative."

Appellant argues that a finding of "exclusive possession" with respect to him requires a corresponding finding that he excluded the appellee from the premises. Since the appellee voluntarily left the premises following his marriage, appellant contends it cannot be asserted that he was in exclusive possession. Appellant relies on *Citizens Deposit & Trust Co. v. Citizens Deposit & Trust Co.,* 136 Pa. Superior Ct. 413, 420, 7 A. 2d 519, 523 (1939), wherein the Court stated: "There is not the slightest evidence to show an exclusion of the father from the premises."

Reliance on *Citizens Deposit & Trust Co.* and *Thomas v. Thomas,* 48 Pa. D. & C. 245 (C.P. Erie 1943), which also required exclusion of the complaining tenant in common from the premises, is unfortunately misplaced. These cases have been impliedly overruled by decisions of this Court and the Superior Court. In *Huffman Estate (No. 1),* 349 Pa. 18, 20, 36 A. 2d 638, 639 (1944), one tenant in common was charged with the rental value of the premises and nothing was said concerning his exclusion of the others. The Court's opinion stated: "We cannot infer from these facts a family arrangement whereby there was to be no charge for use and occupation."

Again, in *Search Estate,*[2] 160 Pa. Superior Ct. 488, 491, 52 A. 2d 232, 234 (1947), the Court stated, "The circumstances that none of the other tenants tried 'to move in' or objected to appellant's 'occupation of the place' are not material, under the authority of the Huffman case, supra." The best definition of "exclusive possession" for purposes of the Act is found in *Rudzinski v. D'Orazio,* 80 Pa. D. & C. 471, 475 (C.P. Mont. 1952), wherein the court stated: "We think it more equitable to hold that exclusive possession means that one tenant alone occupied the property and exercised the rights of an owner such as making repairs and changes to suit his convenience without consulting the others." *Cf., Mascaro Estate,* 28 Pa. D. & C. 2d 391 (O.C. Forest 1962). In line with this test, the record

---

[2] Both *Huffman* and *Search* were decided under the Orphans' Court Partition Act, Act of June 7, 1917, P. L. 337, §20, 20 P.S. §1284, since repealed, Act of February 3, 1956, P. L. (1955) 1006, §1. The Act of 1895 and §20 of the Orphans' Court Partition Act are identical for all practical purposes; this fact was noted by Mr. Justice HUGHES in *Huffman Estate (No. 1).* Therefore the interpretation afforded §20 in *Huffman* and *Search* is applicable to the Act of 1895; their purposes being the same, partition of real estate between tenants in common.

evidence clearly sustains the master's findings that appellant had exclusive possession of the premises after 1959. Appellant has lived in the premises since that time, has made repairs to the premises when necessary and, in point of fact, has acted as the sole owner of the premises. The activities of the appellee, occasionally, in cultivating the garden and visiting the premises to clean did not wrest exclusive possession from the appellant.

The decree of the court below, adopting the master's figure of $65 per month as the fair rental value of the premises, is supported by the evidence and will not be disturbed.

Decree affirmed.

The former Mr. Chief Justice BELL and Mr. Justice ROBERTS took no part in the consideration or decision of this case.

The former Mr. Justice BARBIERI took no part in the decision of this case.