## Nelson v. Old Guard Mutual Insurance Co.

*Kenneth A. Wise,* for plaintiff.
*Jeffrey B. Rettig,* for defendant Old Guard Mutual Insurance Co.

*John W. Heslop Jr.,* for defendant Richard's Insurance Service.

*James M. Schall,* for defendant Elton Schoen.

WALKER, *J.,* September 6, 1990—

## STATEMENT OF FACTS

Plaintiff Scott H. Nelson and defendant Elton Schoen owned a farmhouse as tenants in common. The property was known as Stone Top Mountain Farm and was located in Todd Township, Fulton County, Pennsylvania.

In 1980, Nelson acquired insurance coverage on the house with defendant Old Guard Mutual Insurance Company through its agent, defendant Richard's Insurance Company. Plaintiff instructed Richard's to send all billings and notices to his New Cumberland, Pennsylvania address. Richard's did in fact send the notices to that address and the bills were paid through 1984. However, Richard's failed to send any premium renewal, nonrenewal or cancellation notices for the November 10, 1985 to November 10, 1986 policy period.

In November or December of 1985, Schoen contacted Richard's at plaintiff's request and asked that a bill be sent to plaintiff in New Cumberland. John Brown, an agent with Richard's, told Schoen that the billings would be sent to that address. No billings or notices were sent to the plaintiff.

Nelson realized in February 1986, that no payments had been made for insurance in 1985 and told Schoen to contact Richard's and request a billing. Schoen did so and Richard's agent informed Schoen that bills had been sent to plaintiff and would be mailed to him in the future. No bills had been or were later sent and the policy had, in fact, been canceled. The agent did

not tell Schoen at the meeting that the policy had earlier lapsed or that it had been canceled.

Schoen again contacted Richard's when no bills were received and was informed by the agent that bills would be mailed. No bills were sent.

A fire destroyed the farmhouse on May 13, 1986, causing $75,000 in damage to the structure, beyond the limits of the $46,000 policy, and resulting in content loss of $12,000.

Nelson sent Old Guard a check for $200, the approximate 1985-86 premium, on May 18, 1986. Old Guard accepted and negotiated the check. Plaintiff demanded payment from Old Guard pursuant to the terms of the policy on July 28, 1986, and Old Guard refused to make payment.

Plaintiff filed a complaint against Old Guard, Richard's and Schoen on December 2, 1988. Richard's filed preliminary objections in the nature of a demurrer on the ground, inter alia, that none of the facts alleged in the complaint alleged fraudulent conduct necessary for a cause of action under the Consumer Protection Law. Schoen filed preliminary objections in the nature of a motion to strike several counts of the complaint. President Judge John W. Keller delivered the opinion of this court on September 15, 1990, sustaining both Richard's and Schoen's preliminary objections and granting Nelson leave to file an amended complaint.

Nelson filed a corrected amended complaint on October 23, 1989, and Old Guard filed an answer to the amended complaint on March 12, 1990. Old Guard is not involved in this proceeding.

Richard's filed preliminary objections to the amended complaint on March 12, 1990, in the nature of a demurrer. Again, Richard's has demurred on the grounds

that the amended complaint fails to allege facts that would fall within the purview of the Consumer Protection Law.

Schoen filed preliminary objections on April 2, 1990, alleging that Nelson's complaint failed to allege that plaintiff suffered any damage or that Schoen had been in possession of the property to the exclusion of Nelson.

Richard's filed a brief in support of its preliminary objections on June 7, 1990. Arguments were heard on the objections on June 26, 1990 in Fulton County. Nelson filed a brief in opposition to Richard's preliminary objections on July 2, 1990.

## DISCUSSION

We will examine each of the defendant's preliminary objections individually.

### Richard's Preliminary Objections

Two statutory mandates control the disposition of this case. The first is the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201-1 *et seq.* The second is Pennsylvania Rules of Civil Procedure, Rule 1019(b).

The Consumer Protection Law provides a limited range of protection. The specific activities which are prohibited in the law are provided in subsections 201-2(4)(i) through (xvi). Subsection (xvii) is the so-called "catchall provision," which provides that it is a violation of the Consumer Protection Law to engage "in any other fraudulent conduct which creates a likelihood of confusion or of misunderstanding."

This court has carefully studied the plaintiff's complaint and must assume that it is this catchall under which he hopes to recover. Plaintiff has not alleged

that the complaint fits within the ambit of any of the act's other provisions and this court, after careful consideration, believes that it could not fit within any of the more specific prohibitions. Count IV of the complaint merely provides:

"(33) The misrepresentation of the agents of defendant Richard's Insurance Service, and its nondisclosure of the lack of insurance coverage on the farm, as described above, constitutes an unfair or deceptive trade practice or act within the meaning of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201-1 *et seq."*

We are quite aware that we must interpret the wording of the Consumer Protection Law very broadly. The Pennsylvania Supreme Court had the opportunity to interpret the law in a 1974 decision, in which it stated:

"Although the Consumer Protection Law did articulate the evils desired to be remedied, the statute's underlying foundation is fraud prevention.... Since the Consumer Protection Law was in relevant part designed to thwart fraud in the statutory sense, it is to be construed liberally to effect its object of preventing unfair or deceptive practices." *Commonwealth v. Monumental Properties Inc.,* 459 Pa. 450, 459, 329 A.2d 812, 817, on remand 26 Pa. Commw. 399, 365 A.2d 442 (1976).

Although we are aware of our mandate, and although plaintiff says that the defendant's alleged misrepresentation and nondisclosure is an unfair or deceptive practice, such an allegation does not make it so. Pennsylvania Rules of Civil Procedure 1019(b) requires that "averments of fraud ... shall be averred with particularity." We hold today that the complaint fails to do so.

We are persuaded by the Commonwealth Court's decision in *Zimmerman v. National Apartment Leasing,*

102 Pa. Commw. 623, 519 A.2d 1050 (1986). There, the attorney general brought an action against a group of landlords alleging that the defendants wrongfully used portions of security deposits to clean apartments.

In its complaint, the attorney general's only reference to fraud was in its recitation of subsection (viii) of the Consumer Protection Law section 201-2(4), that it is unfair for any person to engage "in any other fraudulent conduct which creates a likelihood of confusion or of misunderstanding." Commonwealth Court sustained the landlords' preliminary objections that the complaint failed to plead fraud with sufficient particularity.

The complaint at bar fails to extract or even paraphrase the language of the Consumer Protection Law provided in section 201-2(4) (xvii) which prohibits fraudulent conduct. In fact, no where in the plaintiff's complaint is the word "fraud" ever used. We must hold that this is insufficient to satisfy the requirements of Pa.R.C.P. 1019(b).

Turning our attention now to Richard's demurrer, we are mindful that its preliminary objection has the effect of admitting as true all relevant facts which are sufficiently pleaded in plaintiff's complaint, but not conclusions or averments of law or unjustified inferences. *Ross v. Shawmut Development Corp.,* 46 Pa. 328, 331, 333 A.2d 751, 752 (1975). The preliminary objection should be sustained only if it is clear and free from doubt that, upon the facts averred, the law will not permit recovery. *Allstate Ins. Co. v. Fioravanti,* 451 Pa. 108, 111, 299 A.2d 585, 587 (1973).

Assuming that Richard's did in fact misrepresent to the plaintiff that it had sent renewal notices to his New Cumberland address and withheld notice of cancellation, are those facts alone sufficient to authorize a suit under

the Consumer Protection Law? This court concludes that it is not.

Again, we must note that unless the alleged misrepresentations were in some way fraudulent, the facts averred would be inadequate to make out a cause of action under the Consumer Protection Law. The plaintiff fails to aver any facts which show fraud on Richard's part.

The Commonwealth Court has just recently held that there must be some showing of intentional misconduct on the part of the defendant to violate the catchall provisions of the Consumer Protection Law, *Chatham Racquet Club v. Commonwealth,* 116 Pa. Commw. 55, 541 A.2d 51 (1988). There, the trial court granted a preliminary injunction on the basis that the club's increase in fees violated the fraudulent conduct provision. The court vacated the injunction because there was no express finding of fraud, saying:

"It is only when the confusion and misunderstanding created by the actor is fraudulent that the provisions of the Act may be activated.... Our review of the trial judge's comments during the course of the hearing indicate that he was not convinced that the club had done any intentional wrong but rather that there was a valid reason for a bona fide difference of opinion in interpreting what was intended in the purchase agreement by the words 'subject to' existing memberships. In our judgment such circumstances fall short of fraud or fraudulent conduct." *Id.,* 116 Pa. Commw. at 60, 541 A.2d at 54.

Fraud consists of some intentional and deceitful practice, or, at the very least, some facts that might allow us to imply that the Richard's intentionally misrepresented the situation to the plaintiff. This court is unaware of any insurance company that would *delib-*

*erately* not collect premiums due. The plaintiff offers no facts averring that this is what occurred.

It may well be that plaintiff can indeed aver facts that will overcome the deficiencies in his complaint. We are at a loss to understand why he did not do so when afforded the opportunity. As the complaint presently stands, the facts alleged, even when viewed in light most favorable to the plaintiff, do not state a possible cause of action for fraud.

Accordingly, Richard's preliminary objections to plaintiff's amended complaint is sustained and Count IV of the complaint must be dismissed.

### Schoen's Preliminary Objections

Schoen raises two preliminary objections in the nature of demurrers to Nelson's amended complaint. Both will be sustained.

Count VI of Nelson's complaint apparently deals with the cost of aluminum siding which Schoen had installed on the farmhouse. A judgment was entered in this court for $4,545.30 against both Schoen and Nelson. The court alleges that Schoen has failed to pay on the note according to an agreement with the plaintiff, and his complaint requests judgment for $8,500.

We agree with Schoen that plaintiff has failed to allege any damages with regard to the note. It is not apparent at all from reading the complaint whether Nelson has been forced to pay on the note because of Schoen's default or not, or under what theory Nelson hopes to recover. We must sustain the preliminary objection and dismiss Count VI of the plaintiff's amended complaint.

Count IX of plaintiff's complaint requests one-half the reasonable rental value of the property during

Schoen's residence at the farm. Schoen demurs to the count on the ground that Nelson failed to allege in the complaint that she (Schoen) had been in possession of the property to the plaintiff's exclusion.

The Supreme Court has addressed the issue and held that:

"Two requirements must be satisfied before recovery of the fair rental value of the premises will be permitted: (1) the complaining party must show that he is not in possession of the premises; and (2) it must be shown that the remaining tenant in common occupies exclusive possession of the premises." *Sciotto v. Sciotto,* 446 Pa. 414, 417, 288 A.2d 822, 823-824 (1972), citing *Hoog v. Diehl,* 134 Pa. Super. 14, 19, 3 A.2d 187, 189 (1938).

The court continued by defining the exclusive possession of property as "exercis(ing) the rights of an owner such as making repairs and changes to suit his convenience without consulting the other." *Sciotto,* 446 Pa. at 418, 288 A.2d at 824.

This court must sustain Schoen's preliminary objection that the plaintiff has not alleged that she (Schoen) exclusively possessed the farmhouse. Facts may exist that show that she did, in fact, possess the farm to the exclusion of the plaintiff; but the facts are not in the complaint. Accordingly, Count IX of the complaint will be dismissed.

As plaintiff has failed to plead fraud with sufficient particularity and has failed to allege facts which would allow this court to find any intentional misconduct on Richard's part, the defendant's preliminary objection must be sustained. Count IV must be dismissed.

Plaintiff's complaint has also failed to allege that plaintiff has suffered any damages with regard to Count

VI or that Schoen had been in exclusive possession of the farm to his exclusion. Accordingly, Counts VI and IX must be dismissed.

## ORDER OF COURT

September 6th, 1990, the court sustains defendant Richard's preliminary objection to Count IV of plaintiff's amended complaint. Likewise, the court sustains defendant Schoen's preliminary objection to Counts VI and IX of plaintiff's amended complaint.

Plaintiff is given 20 days to file an amended complaint.