## Hunsberger v. Zechman

*Jeffrey A. Rowe*, for plaintiff.
*Danyelle M. Zechman*, for defendant.

GRAY, *J.*, March 12, 2014—

ORDER

And now, this 12th day of March, 2014, following a hearing held on February 28, 2014, regarding credits, payments due and related matters and plaintiff's petition for additional credits and clarification, the court enters the following order. It is ordered and directed as follows.

Findings of Fact

1. Danyelle Zechman originally purchased the 112 Laurel Run Circle, Williamsport ("property"), consisting of 0.115 acres of land, for $100,000 as evidenced by deed executed February 28, 2002, the date of closing on the

property.

2. By a deed entered October 22, 2009, Danyelle Zechman transferred the property to herself Danyelle M. Zechman and plaintiff Brian C. Hunsberger, listing the consideration as $1. The parties own the subject property "as joint tenants with the right of survivorship and not as tenants in common."

3. Upon plaintiff's motion following a default by defendant, the court ordered and directed that the property be partitioned, and found that the parties are co-tenants with a fifty percent interest each.

4. The court finds that the property is incapable of division without spoiling the whole, thus requiring a sale of the property.

5. As of September 2013, there were three outstanding mortgages. Two of the mortgages were used to purchase the property by Danyelle Zechman. Those mortgages are: US Bank for $49,800 and Manufacturers and Traders Trust Company for $22,000 both recorded on March 1, 2002. The third mortgage was an open end mortgage from Brian C. Husberger, Danyelle Zechman and J. Marco Hunsberger (plaintiff's father) to PSECU for $54,000, recorded December 7, 2009.

6. After Danyelle Zechman made payments for a qualifying period of time, one of the mortgages used to purchase the property has been forgiven. Danyelle Zechman has been making payments on the other purchase mortgage in the amount of $548 per month, with the taxes being put in escrow and paid from her mortgage payment.

7. As of about mid-January 2013, plaintiff vacated the

property and Danyelle Zechman has been in exclusive possession of the property.

8. Zechman paid $75 in February 2013 and $300 in April 2013 toward the open end mortgage to PSECU.

9. Plaintiff's father has been making payments on the open mortgage to PSECU in the amount of $633 per month on behalf of his son, Mr. Hunsberger, since May 2013.

10. This court finds that a price of $125,000 for the property is a reasonable price and shall be accepted if offered.

11. Mr. Hunsberger has incurred costs in the amount of $2,330.77 for improvements to the property necessary to maximize the ultimate sale price that can be obtained for the property. Ms. Zechman provided $20 for garbage removal. While plaintiff used defendant's electric, heat and water while working there, the court finds this was de minimus and not sufficiently specified at the hearing to award a credit for it.

## Conclusions of Law

12. A co-tenant may file an action for partition pursuant to Pa. R.C.P. Rule 1551, et. seq. After a default by defendant, the court should enter an order directing partition pursuant to Pa. R.C.P. Rule 1557 and setting forth the names of the co-tenants and the percentage of their respective interests in the property.

13. As the court has found that the property is not capable for division without prejudice to or spoiling the whole, the court has directed that the property be sold in accordance with Pa. R.C.P. Rule 1563.

14. The court shall determine the "credit which should be allowed or the charge which should be made, in favor of or against any party because of use and occupancy of the property, taxes, rents or other amounts paid, services rendered, liabilities incurred or benefits derived in connection therewith or there from." Pa. R.C.P. Rule 1570.

15. There are two requirements for the recovery of fair rental values: "(1) the complaining party must show he is not in possession of the premises; and (2) it must be shown that the remaining tenant in common occupies exclusive possession of the premises." *Sciotto v. Sciotto*, 288 A.2d 822, 823-824 (Pa. 1972)

16. "[W]here a cotenant places improvements on the common property, equity will take this fact into consideration on partition and will in some way compensate him for such improvements, provided they are made in good faith and are of a necessary and substantial nature, materially enhancing the value of the common property." *Bednar v. Bednar*, 688 A.2d 1200, 1205 (Pa. Super. Ct. 1997), quoting, 68 C.J.S. Partition, § 139(a)(further citations omitted). Such improvements must be necessary. *Id.*

17. "The parties are entitled to a credit for their respective share of the expenses related to the Residence, including mortgage, property taxes, insurance and maintenance costs." *Swails v. Haberer*, 2004 U.S. Dist. LEXIS 17727 (E.D. Pa. Aug. 30, 2004), citing, Pa. R. Civ. P. § 1570 (a)(5); *Fischer v. Wurts*, No. 96-6863, 1997 U.S. Dist. LEXIS 10393, *16 (E.D. Pa., July 18, 1997). The credit is for half that party's contribution. *Id.*

Discussion

Upon plaintiff's motion following a default by defendant, the court ordered and directed that the property be partitioned, and found that the parties are co-tenants with a fifty percent interest each. The court also found that the property was incapable of division and required its sale pursuant to Pa. R.C.P. Rule 1551, *et. seq.* Defendant Danyelle Zechman significantly contributed to establishing the property as an asset for both parties by qualifying for the purchase mortgages, making mortgage payments, and qualifying for the forgiveness of one of the mortgages. Ms. Zechman continues to pay the outstanding original mortgage by paying the $548 per month, which includes taxes and insurance. The parties resided together for a period of time with each contributing to the household. Mr. Hunsberger vacated the property in about mid-January 2013. Danyelle Zechman is therefore responsible for one half the fair rental value as of the first full month that she had exclusive possession, February 2013 forward. *Sciotto v. Sciotto*, 288 A.2d 822, 823-824 (Pa. 1972). Since the parties separated, plaintiff's father has essentially made the payments on the open ended mortgage to PSECU with the exception of $75 in February 2013 and $300 in April 2013 paid by defendant. Therefore plaintiff is entitled to a credit for half the amount of those payments minus those made by defendant and defendant is entitled to a credit for half the amount of the payments on the original mortgage. *Swails v. Haberer*, 2004 U.S. Dist. LEXIS 17727 (E.D. Pa. Aug. 30, 2004). Plaintiff has significantly contributed to preparing the property for sale so as to maximize the price that can be obtained. As a result, he is entitled to a credit for half of those costs. *Bednar v. Bednar*, 688 A.2d 1200, 1205 (Pa. Super. Ct. 1997). As taxes and insurance are paid through defendant's mortgage, defendant is entitled

to a credit for half of those payments. *Swails v. Haberer*, 2004 U.S. Dist. LEXIS 17727 (E.D. Pa. Aug. 30, 2004).

The court enters the following order.

## ORDER

And now, this 12th day of March, 2014, for the reasons stated above, it is hereby ordered and directed as follows:

1. Defendant Danyelle Zechman may remain in the house pending closing but must fully cooperate in the sale and showings of the property. The court finds that it is necessary to make some improvements to the property in order to secure a decent price for the sale. Therefore, Ms. Zechman is specifically ordered and directed to allow plaintiff Brian C. Hunsberger and his father to access the property provided they give her notice of at least two hours. Further, Ms. Zechman is specifically ordered and directed to allow third parties to access the property for showings or to make some improvements provided notice has been given by plaintiff as soon as reasonably practical but no later than the night before the access is required.

2. The parties shall execute a listing agreement and proceed in good faith to effectuate the sale of the property for a price of $125,000 or greater. This court finds that a price of $125,000 for the property is a reasonable price and shall be accepted if offered. Defendant will cooperate with signing all documents necessary to convey the property with clear title.

3. The proceeds of the sale shall be applied first to the payment of the mortgages by order of priority of the liens to satisfy and cancel of record the liens of such

mortgages. After satisfaction of mortgage liens, the payment of credits shall be made. If any funds remain, they shall be distributed equally between the parties.

4. Plaintiff Mr. Hunsberger is awarded a credit of $316.50 per month representing a credit for ½ the mortgage payments of $633 month from February 2013 forward made by Mr. Hunsberger's father, minus $375 paid by defendant during that period.

5. Plaintiff Mr. Hunsberger is awarded credit for rent in the amount of $500 per month, representing ½ the value of the fair rental amount, as determined by the testimony of the real estate agent, since defendant's period of exclusive possession of the property starting with the full month of February 2013.

6. Plaintiff Mr. Hunsberger is awarded $1155.39, representing ½ of the amount of costs incurred for making improvements to the property ($2,330.77) minus $20 paid by defendant for garbage removal.

7. Defendant is awarded a credit for ½ the amount she has paid in taxes and/or municipal fees, homeowners insurance related to the property since February 2013 and a credit in the amount of $278 per month since February 2013, representing half the $548 payment she has been making on the original mortgage.

8. These amounts will need to be adjusted at the time of settlement to reflect the ongoing credits for rent, improvements, mortgage payments, etc. incurred from this date forward as well as to make any adjustments related to the actual sale price of the property.