J-A23003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ANTHONY T. PAGNOZZI AND JEAN M. PAGNOZZI, HIS WIFE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| CYNTHIA A. PARTRIDGE, A SINGLE WOMAN | |
| Appellee | No. 1812 WDA 2015 |

Appeal from the Order Entered October 19, 2015
In the Court of Common Pleas of Fayette County
Civil Division at No(s): 347 of 2012, G.D.

BEFORE:  LAZARUS, J., STABILE, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:          **FILED DECEMBER 30, 2016**

Anthony T. Pagnozzi and Jean M. Pagnozzi, husband and wife ("Pagnozzis"), appeal from the order entered in the Court of Common Pleas of Fayette County granting in part and denying in part Cynthia Partridge's exceptions to the master's report and recommendations in this action for partition and payment of rents due.  Upon careful review, we affirm.

On October 18, 2007, the Pagnozzis and Partridge purchased the property known as 78 Station Street, Uniontown, Fayette County.  They took title as tenants-in-common, with the Pagnozzis together holding an undivided one-half interest and Partridge also holding an undivided one-half

_____

[*] Retired Senior Judge assigned to the Superior Court.

interest. At the time of the purchase, it was the intention of the parties that Partridge would occupy the premises with the Pagnozzis' son, Frank, and their respective children. The couple resided together on the property from October 2007 until December 2010, when Frank left and never returned. Partridge has remained living on the property since that time. The Pagnozzis have never lived there.

The parties attempted to sell the property on the open market in 2011, but were unable to locate a buyer. On February 18, 2012, the Pagnozzis filed a "Complaint in Equity for Partition of Real Property and for Accounting and Payment of Rents Due," naming Partridge as defendant. After the close of pleadings, the trial court conducted a preliminary conference and thereafter granted partition. The court appointed a master to determine the manner in which the property should be sold and to recommend how the relative contributions of the parties to the real estate should be allocated.

The master held a hearing on November 27, 2013, at which the Pagnozzis and Partridge all testified. The master issued his report on April 27, 2015. Relevant to this appeal, the master concluded that the Pagnozzis were entitled to rent from Partridge in the amount of $300 per month[1] from November 1, 2007 (immediately after the parties purchased the property) until such time as a private sale is effectuated. Partridge filed exceptions to

_____

[1] The Pagnozzis do not dispute the rental value arrived at by the master.

that finding (among others not relevant here) and, on October 15, 2015, the trial court issued an opinion and order in which it concluded that the master had erred in awarding rent for the entire period of ownership, given that the Pagnozzis purchased the property with the intent of providing a home for their son to live in with Partridge.  Accordingly, the court modified the award of rent to include only the period of time since Frank vacated the premises, or since January 2011.  The Pagnozzis filed a timely notice of appeal, followed by a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

The Pagnozzis raise the following issue for our review:

Whether the [Pagnozzis] should be given credit for a portion of monthly rent due between November 1, 2007 and January 2011 which represents the time that [the Pagnozzis'] son and grandson lived with [Partridge]?

Brief of Appellants, at 4.

We begin by noting that "[t]he scope of appellate review of a decree in equity is limited. Absent an abuse of discretion or an error of law, we are bound to accept the findings of the trial court or master."  **Spears v. Spears**, 769 A.2d 523, 524 (Pa. Super. 2001), quoting **Werner v. Werner**, 573 A.2d 1119, 1121 (Pa. Super. 1990).

Here, the trial court found that the master erred in awarding rent to the Pagnozzis for the period in which their son resided with Partridge at the property.  The report of a master is entitled to great consideration in that he has heard and seen the witnesses, and it should not be lightly disregarded.

*Rothrock v. Rothrock*, 765 A.2d 400, 404 (Pa. Super. 2000). However, the master's report is advisory only; the reviewing court is not bound by it and it does not come to the court with any preponderate weight or authority which must be overcome. *Id.*, citing *Arcure v. Arcure*, 281 A.2d 694, 695 (Pa. Super. 1971). A master's report is not controlling, either on the lower court or on the appellate court. *Id.*

Pursuant to 68 Pa.S. § 101, a co-tenant not in possession is granted a cause of action against a co-tenant in possession to recover "his or their proportionate part of the rental value of said real estate for the time such real estate shall have been in possession" of the co-tenant. 68 P.S. § 101.

> Two requirements must be satisfied before recovery of the fair rental value of the premises will be permitted: (1) the complaining party must show he is not in possession of the premises; and (2) it must be shown that the remaining tenant in common occupies exclusive possession of the premises. As correctly stated in *Hoog v. Diehl*, [] 3 A.2d 187, 189 ([Pa. Super.] 1938): "For plaintiffs to be entitled to a share of the rental value of the premises sold in partition, it must appear that plaintiffs were out of possession, and that defendant was in exclusive possession. The statute is not automatically operative."

*Sciotto v. Sciotto*, 288 A.2d 822, 823–24 (Pa. 1972). The Court in *Sciotto* stated that "[t]he best definition of 'exclusive possession' for purposes of the Act is . . . that one tenant alone occupied the property and exercised the rights of an owner such as making repairs and changes to suit his convenience without consulting the others." *Id.* at 824 (citation and quotation marks omitted).

Here, the Pagnozzis argue that they, themselves, were not in possession of the premises at any time and Partridge resided on the property exclusively of them. Further, they assert that Partridge "exhibited exclusive behavior by making repairs and changes [to the property] without consulting" them. Brief of Appellants, at 9. Accordingly, the Pagnozzis assert that they are entitled to rent for not only the period in which Partridge lived alone on the premises, but also for the period in which their son resided with Partridge on the premises.

In declining to adopt the master's recommendation on this issue, the court found that the Pagnozzis and Partridge "purchased the residence . . . together with the understanding that [Partridge] would reside at the home with [the Pagnozzis'] son and grandson." Trial Court Opinion, 10/15/15, at 2. As such, the court concluded that "[t]he master's recommendation to award rent for the entire period of ownership is unfair considering the understanding between [the parties]." *Id.* at 2-3.

At the master's hearing, Anthony Pagnozzi testified that, at the time the parties purchased the premises, they intended that Frank Pagnozzi would reside there with Partridge. *See* N.T. Master's Hearing, 11/27/13, at 17. Additionally, Partridge testified as follows:

> Q: [A]t the time of the purchase of the premises, had you and the Pagnozzis and Frank discussed what your intentions were and why you were purchasing the property as you did?
>
> A: Yes, because in the past, Frank and his son lived in my home with me and my children, and it was strictly my home prior to buying the Station Street house. And they said that they would

put half the money down on the house so that we could share in expenses and actually do it the right way. They would own half and I would own half so it wouldn't have to be all my purchase.

*Id.* at 35-36.

The trial court's decision in this matter is supported by the record.[2] Based upon the clear intention of the parties as revealed through their testimony, we cannot conclude that the court abused its discretion by not requiring Partridge to pay rent to the Pagnozzis for the period in which Frank Pagnozzi resided on the premises. In essence, the Pagnozzis assigned their right of possession to their son, who exercised that right until he and Partridge ended their romantic relationship. Only then did Partridge's possession of the property truly become exclusive of the Pagnozzis. *Sciotto*, *supra*. Accordingly, the trial court was within its discretion to deny rent to the Pagnozzis from November 2007 through December 2010.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  12/30/2016

---

[2] We note that the master's recommendation in this matter was not based on findings of credibility.